**In the Interest of A.B., A Minor Child,**

**H.M., Mother, Appellant.**

**No. 92–433.**

Court of Appeals of Iowa.

Sept. 29, 1992.

Kevin S. Maughan of Clements, Pabst, Hansen & Maughan, Albia, for appellant.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellee State.

Daniel J. Jay of Drake, Wilson & Jay, Centerville, as guardian ad litem for child.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

The mother appeals a district court order terminating her parental rights pursuant to Iowa Code section 232.116(1)(c) and (e) (1991). She contends termination of her parental rights was premature because the department of human services has not provided her with adequate services pursuant to Iowa Code section 232.116(1)(c)(2) (1991).

In addition, the mother contends the court need not terminate the parent-child relationship in light of Iowa Code section 232.-116(3)(a) (1991) since the legal custody of the child has been placed with her paternal grandparents.

On April 18, 1980, H.M. gave birth to A.B. while married to E.B., A.B.'s natural father. E.B. is deceased. In June 1987 H.M. married R.M., A.B.'s stepfather, and two children, not involved in this case, have been born to this marriage.

In October 1989 the department of human services received a report that A.B.'s stepfather, R.M., had been abusing A.B. for several months. A child abuse investigation conducted on November 15, 1989, revealed R.M. had sexually abused A.B., and H.M. had physically abused A.B. Following an adjudicatory hearing held on December 11, 1989, the juvenile court found A.B. to be a child in need of assistance (CINA) pursuant to Iowa Code sections 232.2(6)(b), 232.2(6)(c)(2), and 232.2(6)(d) (1989). The juvenile court found A.B. had been physically abused by her mother and sexually abused by her stepfather and found A.B. was imminently likely to suffer harmful effects as a result of her parents' failure to exercise a reasonable degree of care in supervising A.B. The court placed temporary legal custody of A.B. with the child's paternal grandparents, D.B. and B.B.

The court further ordered the petitioner to file an amended petition alleging the remaining children in H.M.'s home to be children in need of assistance. On April 12 and May 17, 1990, an adjudication hearing was held in which the remaining children were adjudicated children in need of assistance, and the children were placed with the department of human services for placement in foster care.

On March 29, 1990, after a disposition hearing, the court placed custody of A.B. with the paternal grandparents and ordered the parties to attend individual counseling. Review hearings were held in September 1990, April 1991, and October 1991 in which the court confirmed its earlier finding A.B. was a child in need of assis-

tance and ordered continued custody of A.B. with her paternal grandparents. Throughout the review hearings, H.M. requested the court to grant joint counseling between H.M. and A.B. The court denied H.M.'s requests due to H.M.'s continued expressed disbelief of A.B. that R.M. had sexually abused her. Also, the court believed A.B. should not be subjected to further questioning concerning the sexual abuse. The court did, however, grant limited, supervised visitation between H.M. and A.B.

In the October 1991 hearing the court found A.B.'s best interests would be served by termination of parental rights, and the court ordered the department of human services to prepare and file a petition for termination of parental rights. The court found A.B. had had no contact with H.M. during the past six months, indicating A.B. had no desire for such contact.

A petition for termination of parental rights was filed on October 24, 1991. At the termination hearing on December 20, 1991, A.B., then eleven years old, testified she did not want to see H.M. because H.M. did not believe A.B. concerning the sexual abuse by R.M. A.B. further stated she understood what termination of parental rights meant and she wanted H.M.'s parental rights terminated. H.M. testified she did not believe A.B.'s sexual abuse allegations, and H.M. stated her actions of hitting A.B. with a strap constituted physical abuse.

On January 9, 1992, the juvenile court referee granted the petition for termination of parental rights, terminating the child-parent relationship previously existing between H.M. and A.B. The court found A.B. had had no visitation with H.M. since either late 1989 or early 1990, although visitation sessions had been attempted through professional counselors. The court determined A.B. had been adjudicated a child in need of assistance and legal custody of A.B. had been transferred to her paternal grandparents pursuant to Iowa Code section 232.102(1)(a) (1991). The court determined such placement had lasted upwards of twelve months and for more than twelve months of the previous eighteen months.

The court further determined A.B. could not be returned to H.M.'s home because A.B. could not be protected against harmful effects resulting from further sexual abuse by R.M., further physical abuse by H.M., and potential emotional abuse to A.B. due to R.M.'s continuing denial of sexual abuse, H.M.'s continuing disbelief sexual abuse ever occurred, and H.M.'s continuing support of R.M. as opposed to A.B. As a result, the court found A.B. could not be returned to H.M. as provided in Iowa Code section 232.102 (1991). The court found H.M. had been offered and provided services to correct the circumstances which led to the adjudication, but it found the circumstances continued to exist despite such services. The district court affirmed the judicial referee's finding on review, and H.M. now appeals.

■■■ Appellate review of termination proceedings is de novo. *In re W.G.*, 349 N.W.2d 487, 491 (Iowa 1984), *cert. denied sub nom. J.G. v. Tauke*, 469 U.S. 1222, 105 S.Ct. 1212, 84 L.Ed.2d 353 (1985). We give weight to the findings of fact of the juvenile court, especially when considering the credibility of witnesses, but we are not bound by those determinations. *Id.* at 491–92.

The primary concern in termination proceedings is the best interest of the child. Iowa R.App.P. 14(f)(15); *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981).

We look to the child's long-range, as well as immediate, interests. We consider what the future holds for the child if returned to his or her parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care the parent is capable of providing. Our statutory termination provisions are preventative as well as remedial. They are designed to prevent probable harm to a child.

*In re R.M.*, 431 N.W.2d 196, 199 (Iowa App.1988) (citing *Dameron*, 306 N.W.2d at 745).

The state, as *parens patriae*, has the duty to assure that every child within its borders receives proper care and treatment. It must intercede when parents abdicate that responsibility. *Dameron*, 306 N.W.2d at 745.

The juvenile court found grounds for termination under Iowa Code section 232.116(1)(c) (1991). This section authorizes the court to terminate parental rights if the court finds both of the following occurred:

(1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.

(2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

The court determined both requirements had been fulfilled; we agree. The first requirement is uncontested, and the second requirement is clear from the evidence. We do not find merit in H.M.'s argument that if she is provided joint counseling with A.B. they could come to terms regarding the issue of abuse. H.M. has persisted from the beginning in her denial of sexual abuse of A.B. As soon as H.M. became aware of the allegations, she accused A.B. of lying. When initially granted visitation with A.B., H.M. utilized her time to attempt to pressure A.B. into recanting the allegations. Despite her participation in individual counseling, H.M. continues to adamantly deny the sexual abuse allegations and to staunchly cling to her belief A.B. is lying. In *In Interest of H.R.K.*, 433 N.W.2d 46, 50 (Iowa App.1988), this court stated, "the requirement that the parents acknowledge and recognize the abuse before any meaningful change can occur is essential in meeting the child's needs." While H.M. has admitted to physically abusing A.B., H.M. refuses to recognize R.M.'s sexual abuse of A.B.

H.M. further contends the court prematurely terminated her rights since R.M. has not received any counseling. However, the record indicates no effective treatment exists for a person who is unwilling to admit to being a sexual abuser. R.M. is unwilling to admit his sexually abusive tendencies and, therefore, could not be effectively assisted by counseling or other treatment. The testimony in the record regarding the high recidivism rate of sexual abusers reveals the considerable danger A.B. would face if returned to H.M.'s home. This is particularly true since H.M. has allied herself with the perpetrator of the sexual abuse, R.M. This imminent danger is further illustrated by Z.M.'s testimony that his father, R.M., sexually molested him during the time Z.M. and A.B. lived together with R.M. and H.M.

The court also found grounds for termination under Iowa Code section 232.116(1)(e) (1991) which empowers the court to terminate parental rights if the court finds all the following conditions occurred:

(1) The child is four years of age or older.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The custody of the child has been transferred from the child's parents for placement pursuant to section 232.102 for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

H.M. concedes these conditions have been met. However, H.M. argues the court should invoke its discretion under Iowa Code section 232.116(3)(a) (1991) since the legal custody of A.B. has been placed with her paternal grandparents. Our statutory termination provisions are preventa-

tive as well as remedial. They are designed to prevent probable harm to a child. *In re R.M.*, 431 N.W.2d at 199. In considering A.B.'s long-range and immediate best interests, as well as what the future would hold for A.B. if returned to H.M.'s home, we are convinced termination of H.M.'s parental rights is warranted in this case.

A.B. has lived with her paternal grandparents for over two years. She has done well in her grandparents' home. Her behavior and grades in school have been excellent, she has become more outgoing and secure, and she has acquired numerous friends in her neighborhood. A.B. has adjusted quite well and has made many positive changes during this time. Removing A.B. from this support system and the security of her paternal grandparents' home is clearly inconsistent with A.B.'s best interests. We affirm the district court.

AFFIRMED.