# IN THE COURT OF APPEALS OF IOWA

No. 15-0396
Filed May 20, 2015

**IN THE INTEREST OF K.H., A.H.,
and S.H.,**
    **Minor Children,**

**S.H., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.

A Father appeals a child in need of assistance adjudication. **AFFIRMED.**

Douglas L. Roehrich of Roehrich Law Office, L.L.C, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy Oetken, Assistant County Attorney, for appellee.

Jeffrey S. Kuchel of Thompson, Phipps & Thompson, L.L.P., Remsen, for mother.

Kathryn C. Stevens of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

A father, S.H., appeals the juvenile court order adjudicating his children, A.H. and S.H., in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c) (2013), and his child, K.H., CINA pursuant to Iowa Code sections 232.2(6)(c), and 232.2(6)(d).  He claims the State failed to prove the grounds for the adjudication by clear and convincing evidence.  We affirm the adjudication.

## I.    BACKGROUND FACTS AND PROCEEDINGS

In June 2014, K.H. told her mother that her father had been sexually abusing her.  The mother then took all three children to a child advocacy center where a forensic interviewer conducted individual interviews with the children.  The two younger children, A.H. and S.H., stated they had touched each other inappropriately and their father had used a belt on them for disciplinary purposes; but denied any sexual abuse by their father.  During her interview, K.H. graphically described various sexual acts her father had forced her to perform when her mother was not home.  She noted the acts had been ongoing for several years.  After the children's interviews, the mother was asked if there was any reason K.H. should not be believed or if K.H. and the father were feuding.  The mother responded in the negative to both questions.  Shortly after the interviews, the mother and the children moved out of the home they shared with the father and his parents.

A CINA adjudication hearing was held on November 19, 2014, and the juvenile court entered an order adjudicating the children CINA on December 5.

Both the mother and father declined to testify at the adjudication. In its order, the court reasoned:

> This case centers on K.H.'s allegation that her adoptive father sexually molested her over an extended period of time. With the exception of the interviews of A.H. and S.H., and the testimony of Alison Justice [a social worker and case manager], the evidence generally centers on the conduct of K.H. and her credibility. The evidence presented by the father attempts to show that K.H. had been acting out and wanted out of the home for reasons unrelated to any sexual abuse and that she fabricated the allegations solely to get out of the parental home. A review of that evidence does show that K.H has been acting out and indicating that she wanted to get away from her parents. To say that this supports her making false allegations, however, is not the sole conclusion that can be drawn from this evidence. It is just as probable that K.H. was acting out and wanted out of the home because she was being abused. In other words, the father's evidence can be found to be supportive of K.H's allegations. The matter, in fact, comes down to K.H. herself and her credibility versus some evidence of the father's good character and disbelief in K.H.'s statements. A review of K.H.'s interview shows her memory and statements to be consistent, appropriate, and totally credible. This, the Court concludes, significantly outweighs the opinions expressed by the father's witnesses . . . . This is even more significant given the father's previous conviction of an offense requiring him to register as a sexual offender. Viewing all of the evidence as it relates to K.H's allegation, the Court finds that the allegation of sexual abuse of K.H. by the father has been proven.
>
> As to the allegation set out in the State's Petition regarding K.H.'s siblings, the Court also finds that the State has met its burden. This conclusion is fully supported by the testimony of Alison Justice, the findings of this Court as to the allegation of sexual abuse of K.H., and the failure of either parent to testify in regard to the State's allegation. *See In re D.D.*, 653 N.W.2d 359, 361–62 (Iowa 2002).

The juvenile court adjudicated A.H. and S.H. CINA pursuant to Iowa Code section 232.2(6)(c), and K.H. CINA pursuant to Iowa Code sections 232.2(6)(c), and 232.2(6)(d). The juvenile court held a dispositional hearing on February 17, 2015, where it upheld the adjudication. The father now appeals.

## II.    STANDARD OF REVIEW.

We review CINA proceedings de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "Our primary concern is the children's best interests." *Id.* "CINA determinations must be based upon clear and convincing evidence." *Id.*

## III.    ANALYSIS.

On appeal, the father claims the State failed to prove the grounds for adjudication by clear and convincing evidence. He claims the court erred in finding he had sexually abused K.H., and there was no evidence that A.H. and S.H. were "imminently likely to suffer harm." Although the juvenile court adjudicated K.H. CINA on two statutory grounds, we will affirm its decision if we find adjudication was appropriate on any one ground. *In re J.A.D.-F.*, 776 N.W.2d 879, 884 (Iowa Ct. App. 2009). Iowa Code section 232.2(6)(c) provides, in relevant part:

> 6. "Child in need of assistance" means an unmarried child:
>      c. Who has suffered or is imminently likely to suffer harmful effects as a result of any of the following:
>          (1) Mental injury caused by the acts of the child's parent, guardian, or custodian.
>          (2) Whose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child.

We find ample evidence in the record to support the juvenile court's conclusion that the children suffered or are imminently likely to suffer harmful effects. *See* Iowa Code § 232.2(6)(c)(2). Specifically, we find K.H. suffered

"mental injury" and A.H. and S.H. are imminently likely to suffer mental injury if they remain in their father's care. The father claims we should not believe K.H.'s testimony because it lacks supporting substantive evidence. We find the testimony presented at trial and the reports of the various caseworkers provides "clear and convincing evidence" for the purposes of adjudicating the children CINA. Additionally, we find it fair to draw the inference that since K.H. was abused by the father, then A.H. and S.H. are "imminently likely" to be abused by their father. *See In re D.D.,* 653 N.W.2d 359, 362 (Iowa 2002) (reasoning that "[p]rior decisions likewise reflect the common sense notion that, ordinarily, all siblings are at risk when one child has been sexually abused."); *see also In re E.B.L.,* 501 N.W.2d 547, 548 (Iowa 1993) (finding father allegedly sexually abused oldest daughter and all six children were adjudicated CINA); *In re A.B.,* 492 N.W.2d 446, 447 (Iowa Ct. App. 1992) (ordering CINA petition filed on all children after allegations of sexual and physical abuse of one child).

We find clear and convincing evidence supports the juvenile court's CINA adjudication and we affirm.

**AFFIRMED.**