**IN THE COURT OF APPEALS OF IOWA**

No. 14-0476
Filed May 14, 2014

**IN THE INTEREST OF L.C.,**
        **Minor Child,**

**S.P., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, District Associate Judge.

A father appeals from termination of his parental rights.  **AFFIRMED.**

Matthew R. Metzar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Patrick Jennings, County Attorney, and J. Aaron Kirsch, Assistant County Attorney, for appellee.

Francis Cleary, Sioux City, for mother.

Marchelle Denker of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

A father appeals from a juvenile court order terminating his parental rights to L.C. under Iowa Code sections 232.116(1)(b), (d), and (e) (2013). He argues the juvenile court should have applied the statutory exception under Iowa Code section 232.116(3)(a) to find termination was not necessary due to L.C. being placed with a relative. We affirm.

At the time of the termination hearing, L.C. was almost eight years old. The juvenile court removed him from his mother's care in February of 2013 following a report that the mother's paramour had kicked L.C. in the face, knocking out two of his teeth. After that time the mother made little, if any, progress toward reunifying with L.C. Throughout this case L.C. has been in the custody of the Iowa Department of Human Services (DHS) for appropriate placement. DHS placed L.C. in "relative placement" with his maternal grandmother.[1]

The father testified at the termination hearing by telephone. At the time of the hearing, the father was incarcerated in Tennessee for sexual exploitation of a minor, a class "C" felony, resulting from his possession of pornographic photographs of children. His tentative release date is August 2015 after which he will register as a sex offender. The father further acknowledged he had been incarcerated for all but seven months of L.C.'s life. He testified he had never met L.C., but had written him a few letters and spoken to him on the phone a few times. The juvenile court terminated the father's parental rights under Iowa Code

---

[1] We conclude below that the maternal grandmother is not a legal relative to L.C.

sections 232.116(1)(b), (d), and (e). The court considered and declined to apply any of the statutory exceptions set out in section 232.116(3) to avoid termination. The father appeals.[2]

We review a juvenile court order terminating parental rights de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but are not bound by them. *Id.* Our primary consideration is the best interests of the child. *Id.* at 776.

Termination of parental rights follows a three-step analysis. *In re P.L.*, 788 N.W.2d 33, 39 (Iowa 2010). First, the court must determine if a statutory ground for termination exists under section 232.116(1). *Id.* Second, the court must give consideration to the child's best interests. *See* Iowa Code § 232.116(2). Finally, the court need not terminate parental rights if it finds any of the statutory exceptions under section 232.116(3) apply. *P.L.*, 778 N.W.2d at 39. The factors weighing against termination in section 232.116(3) are permissive, not mandatory. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App.1997) (overruled on other grounds by *P.L.*, 778 N.W.2d at 39). "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

---

[2] L.C.'s half-sister, E.F., was also a child in interest in the juvenile court's termination order. She and L.C. share a mother but have different fathers. The juvenile court also terminated parental rights between E.F. and her mother and father. E.F. is currently in the same placement with L.C.

Iowa Code section 232.116(3)(a) provides the juvenile court need not terminate the parental relationship if it finds a relative has legal custody of the child. The father's sole contention on appeal is that the juvenile court should have applied section 232.116(3)(a) to find termination was not necessary due to L.C. being "placed in the custody of [the mother's] biological mother." Although DHS placed the child in the care of the maternal grandmother, the court's orders indicate that legal custody has always remained with DHS. Therefore, the statutory exception under section 232.116(3)(a) does not apply.[3] *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). Accordingly, we affirm termination of the father's parental rights.

**AFFIRMED.**

---

[3] Further, although throughout the juvenile court proceedings, the court and DHS refer to the maternal grandmother as a relative, the mother and the maternal grandmother indicated to DHS that the maternal grandmother placed the mother for adoption when the mother was an infant. The State does not dispute this. The maternal grandmother is therefore not legally a relative of L.C.