## IN THE COURT OF APPEALS OF IOWA

No. 14-1944
Filed February 11, 2015

IN THE INTEREST OF T.C. and J.C.,
    Minor Children,

J.C., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals from a juvenile court order terminating his parental rights. **AFFIRMED.**

Martha L. Cox, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Mike Wolf, County Attorney, and Cheryl Newport, Assistant County Attorney, for appellee.

Lucy Valainis, Davenport, for mother.

Maggie Moeller of Maria K. Pauley Law Firm, Davenport, attorney and guardian ad litem for minor children.

Considered by Mullins, P.J., and Bower and McDonald, JJ. Tabor, J., takes no part.

**MULLINS, J.**

The father appeals from an order terminating his parental rights to two children. The record discloses the children initially came to the attention of the department of human services (DHS) in October 2011 due to the mother's and father's domestic abuse and substance abuse problems. The court removed the children in February 2012 when the father tested positive for cocaine. The children were one and two years old. The father entered substance abuse treatment, and the court was able to return the children to his care in September 2012. The father successfully completed Family Wellness Court in May 2013, however, he relapsed in June 2013 and continued to use cocaine until September 2013. In October 2013, the father tested positive for cocaine, and the court removed the children. The father re-entered Family Wellness Court and substance abuse treatment, but dropped out of treatment in March 2014 and terminated any contact with DHS and the children. He did not reengage with DHS and substance abuse treatment until August 2014. He admitted to using drugs throughout the March—August 2014 period.

The State filed a petition to terminate parental rights in September 2014, and the court held a hearing in October. The court found the evidence supported the alleged statutory grounds for termination and denied the father's post-trial motions to amend and enlarge its findings and for new trial. The father appeals.

We review termination of parental rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard to witness credibility, but we are not

bound by them. *Id.* Our primary consideration is the best interest of the child. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

The court terminated the father's parental rights to T.C. pursuant to Iowa Code sections 232.116(1)(d), (h), (i), and (*l*) (2013) and to J.C. pursuant to sections 232.116(1)(d), (f), (i), and (*l*). The father contends the State failed to present evidence sufficient to terminate under subsections (d), (h), (j), and (*l*). When the juvenile court terminates parental rights on more than one statutory ground, we need only find termination proper under one ground to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The father's failure to challenge termination of both children under subsection (i) waives any claim of error related to that ground. *See In re D.S.*, 563 N.W.2d 12, 15 (Iowa Ct. App. 1997) (finding principles of res judicata barred a father who failed to appeal a juvenile court order from raising the challenge on appeal); *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("our review is confined to those propositions relied upon by the appellant for reversal on appeal"). Therefore, we affirm termination pursuant to section 232.116(1)(i).

The father filed a post-trial motion seeking a new trial due to the court's failure to allow him to present evidence that the State failed to make reasonable efforts during the case. Although the State has an obligation to make reasonable efforts toward reunifying the parent and child, the parent has the obligation to demand different or additional services the parent may require *prior* to the termination hearing. *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997). The father does not cite any instance in the record prior to the termination

hearing in which he made such a demand; therefore, he failed to preserve the issue for hearing before the juvenile court. *See S.R.*, 600 N.W.2d at 65. The juvenile court did not abuse its discretion in denying the motion for new trial.

The father also filed a motion to enlarge and amend asking the court to find, pursuant to Iowa Code section 232.116(3)(c), that termination would be detrimental to the children due to their bond with him. The court denied the father's motion, making no additional findings. Iowa Code section 232.116(3)(c) provides the court "need not terminate the relationship between the parent and child if . . . there is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The provisions of section 232.116(3) are permissive, not mandatory. *In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997) overruled on other grounds by *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The court has the discretion, based on the circumstances of the case and the best interest of the child, whether to apply the factors in this section. *A.M.*, 843 N.W.2d at 113. On appeal, the father contends the court should have applied this statutory exception to find termination was not necessary.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* The father asserts he preserved error through testimony, the motion pursuant

to Iowa Rule of Civil Procedure 1.904, and the notice of appeal. Our examination of the record discloses the father did not assert the applicability of the exception during the termination hearing. Thus, although he requested a post-trial ruling, the father had not raised the issue prior to the rule 1.904 motion. Thus it was not properly raised. Accordingly, the 1.904 motion did not preserve the issue for hearing on appeal.

Father also asks for an additional six months to show he is able to remain sober and obtain stable housing. Generally, if the grounds for termination of parental rights have been shown, termination is in the child's best interest. *In re L.M.F.*, 490 N.W.2d 66, 67-68 (Iowa Ct. App. 1992). Children of a young age cannot wait for mature and responsible parenting. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We look to a parent's past performance, because it may indicate the quality of care the parent is capable of providing in the future. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). The father has had a long history of drug addiction. He has relapsed multiple times through this case, despite completing various treatment programs. Consequently, the court has had to remove the children from the father's care twice. The last time the father relapsed, he was out of contact with DHS and the children for five months. The children have been the subject of child welfare proceedings for three years and out of the father's care for a year. At the time of the termination hearing, he had been sober just two months. The history of this case does not persuade us giving the father an additional six months to prove he can be sober is in the children's best interest. Rather, termination of his rights and placement in a

permanent home is in their interest.  We agree with the district court that an additional six months is not warranted here.

For the reasons stated, we affirm the juvenile court order terminating the father's parental rights.

**AFFIRMED.**