# IN THE COURT OF APPEALS OF IOWA

No. 14-1749
Filed February 11, 2015

**IN THE INTEREST OF K.K.,**
**Minor Child,**

**B.K., Father,**
    Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William A. Price,

District Associate Judge.


        A father appeals from the order terminating his parental rights.

**AFFIRMED.**


        Yvonne C. Naanep, Des Moines, for appellant father.

        Chelsey Handley of Handley Law Firm, P.C., Ankeny, for mother.

        Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown,

Assistant County Attorney, for appellee State.

        John P. Jellineck, Juvenile Public Defender's Office, Des Moines, attorney

and guardian ad litem for minor child.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

The father appeals from the order terminating his parental rights to K.K.,[1] born in August 2011, pursuant to Iowa Code section 232.116(1)(d), (h), and (*l*) (2013). He contends the grounds for termination are not supported by sufficient evidence. He also argues termination is not in the child's best interests, *see* Iowa Code § 232.116(2), and termination should not be considered because the child is in the care of a relative. *See id.* § 232.116(3)(a).

We conduct a de novo review of termination-of-parental-rights proceedings. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

On appeal, we may affirm the juvenile court's termination order on any ground we find supported by clear and convincing evidence. *Id.* at 707. Upon our de novo review, we conclude grounds for termination exist under section 232.116(1)(h).

Iowa Code section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence that a child three years of age or younger who has been adjudicated a child in need of assistance (CINA) and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody at the time of the termination hearing. K.K. is three years old, was adjudicated a CINA on March 28, 2014, and has been out of the parents' custody since March 3, 2014. A hair stat test on the child at the time came back positive for methamphetamine.

In March 2014, the father was under house arrest in Nebraska as a result of a felony driving-under-the-influence (DUI) charge. He successfully completed

---

[1] The mother's parental rights were also terminated. She does not appeal.

outpatient substance abuse treatment in Nebraska and then completed aftercare in June 2014. However, on August 9, 2014, and while on probation, the father was arrested for DUI;[2] his blood alcohol level was .308. Consequently, at the time of the September 24, 2014 termination hearing, the father had pending a felony DUI charge and probation revocation hearing. There is clear and convincing evidence to support termination pursuant to section 232.116(1)(h).

The father asks that his parental rights not be terminated because he and the child have a good bond and, further, the child is in the care of her great aunt. *See* Iowa Code § 232.116(3)(a) (stating the court need not terminate parental rights if "[a] relative has legal custody of the child"). In deciding whether to terminate parental rights based on a particular ground, we must give primary consideration to "the child's safety, . . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2); *see D.W.*, 791 N.W.2d at 708. The child has been diagnosed with adjustment disorder with mixed disturbances of emotions and conduct and posttraumatic stress disorder. Her therapist opines the child needs permanency as soon as possible because the current situation is very traumatic for her. We commend the father for his forty-five days of sobriety and encourage him to follow through with his substance abuse treatment. But we conclude that the child's placement in a stable suitable home and her need for permanency weigh in favor of termination of the father's parental rights. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct.

---

[2] The police report stated he was arrested for fifth-offense DUI. A September 10, 2014 letter from the father's probation officer states he has three prior DUIs.

App. 1998) ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting.").

We note, too, that the factors weighing against termination in section 232.116(3) are permissive, not mandatory. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997). Our supreme court has recently stated that "[c]ourts are obliged to move urgently to achieve the ends that will best serve the child's interests because childhood does not 'await the wanderings of judicial process.'" *In re J.C.*, ___ N.W.2d ___, ___, 2014 WL 7338505, at *6 (Iowa 2014) (citation omitted). Where a child cannot be reunified with the parent, termination of parental rights followed by adoption is the favored placement option. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child."). We affirm the termination of the father's parental rights.

**AFFIRMED.**