**IN THE COURT OF APPEALS OF IOWA**

No. 15-2033
Filed March 9, 2016

**IN THE INTEREST OF I.S., and L.F.,**
**Minor Children,**

**J.S., Mother,**
         Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette Boehlje, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Dylan J. Thomas, Mason City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Patrick J. Rourick of Patrick J. Rourick Law Office, St. Ansgar, for minor children.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights to her two daughters, I.S. and L.F.[1]  She does not dispute the existence of grounds for termination under Iowa Code section 232.116(1)(f) (2015).  Rather, she asserts that termination of her parental rights is not in the best interests of her children and should be overcome by the exceptions provided in section 232.116(3).  Unfortunately, the mother believes her drug usage is "manageable," although she has experienced incarceration, failed to complete substance abuse treatment, relied upon others to care for her children, and her progress, if any, has been beset with relapses and incarceration.  Because we find that termination of the mother's parental rights is in the best interests of the children and the section 232.116(3) exceptions do not apply to make termination unnecessary, we affirm.

## I.  Background Facts and Proceedings.

J.S. is the mother of I.S., born in 2003, and L.F., born in 2010.  I.S. and L.F. were removed from their mother's care on March 11, 2014, when she was arrested for possession of methamphetamine with intent to deliver.  At that time, I.S. was placed with her biological father, and L.F. (who does not share I.S.'s father) was placed in the care of a relative.  The children were never returned to the custody of their mother after March 11, 2014.

The children were adjudicated children in need of assistance (CINA) as defined in Iowa Code section 232.2(6)(c), 232.2(6)(n), and 232.2(6)(o) on April 21, 2014.  During the subsequent course of the CINA proceedings, the mother

---

[1] I.S.'s father's parental rights were also terminated in the juvenile court's November 16, 2015 order.  The father has not appealed the termination.

struggled to comply with the recommendations of the Iowa Department of Human Services (DHS). The recommendations included that she complete substance abuse treatment; submit to regular drug testing; obtain mental health treatment, including grief counseling; and maintain interaction with the children. The mother was discharged from substance abuse treatment, and admitted to multiple relapses and drug use during the period of time between removal of her children and the termination hearing. She also ceased participating in Family Treatment Court, was inconsistent in attending mental health treatment, and stopped attending grief counseling after only one session.

At the termination hearing, the mother stated that she believed her substance abuse problem was "manageable" and a matter of making good choices. However, the juvenile court stated:

> It is concerning that [the mother] minimizes her drug use and her inability to address it. This is not a simple matter of choosing differently, as she seems to believe. [The mother] lacks insight on this issue. If it were a simple matter of different choice, what is [the mother] waiting for to make that different choice? How long do her daughters need to suffer in limbo while their mother gets her act together?

The mother also acknowledged that her relapses frequently lead to criminal behavior. For example, she was incarcerated in Minnesota at the time of the termination hearing. After her release from the Minnesota jail, she faced two outstanding warrants in Iowa—one for failure to serve a 120-day sentence for three separate charges and one for an additional charge of burglary. The mother admitted at the termination hearing that she was unable to resume care of her children presently.

A dispositional order was entered May 19, 2014, and a permanency hearing was held March 12, 2015. The petition for termination was filed June 30, 2015, and the termination hearing was held on November 13, 2015. The juvenile court entered an order on November 16, 2015, terminating the mother's parental rights to I.S. and L.F. pursuant to Iowa Code section 232.116(1)(f) (allowing termination where a child adjudicated CINA and who is four years or older has been out of the parent's custody for twelve consecutive months and cannot be returned to the parent at present). In support of the determination that the mother's parental rights should be terminated, the juvenile court found:

> [S]ince March, 2014, [the mother] has not completed the requirements ordered by the court, including substance abuse treatment, mental health treatment or stability. She is currently incarcerated with no set date of release. These girls have waited long enough for their mother to address these issues. [The mother] admits that her drug usage impairs her relationship with the girls, but she has not been motivated to make a change. [The children] deserve permanency today.

The mother now appeals, contending the juvenile court erred because termination of her parental rights to I.S. and L.F. is not in their best interests, and because the exceptions under Iowa Code section 232.116(3) should apply to overcome the decision to terminate her parental rights.

**II. Standard of Review.**

We review proceedings for termination of parental rights de novo. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). If there is clear and convincing evidence of grounds for termination, an order terminating parental rights will be upheld. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "Evidence is 'clear and convincing' when there are no 'serious or substantial doubts as to the

correctness o[f] conclusions of law drawn from the evidence.'" *Id.* (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)).

### III. Analysis.

Termination of parental rights under Iowa Code section 232.116 requires a three-step analysis. *D.W.*, 791 N.W.2d at 706. The court must first determine the existence of a ground for termination under Iowa Code section 232.116(1). *Id.* If a ground for termination is established, the court must still apply the best-interest framework as provided in section 232.116(2) to determine if the grounds for termination should result in termination of parental rights. *Id.* at 706-07. Last, the court must decide if any exception under section 232.116(3) should preclude termination of parental rights. *Id.* at 707.

**A. Grounds for Termination.** Because the mother does not dispute the existence of grounds for termination under Iowa Code section 232.116(1)(f), we need not address this step. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

**B. Best Interests.** A determination of a child's best interests is governed by Iowa Code section 232.116(2). This statute provides,

> In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.

Iowa Code § 232.116(2). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41.

The mother asserts that termination of her parental rights is not in the best interests of her children. She argues that an alternate approach establishing a guardianship for I.S. with her maternal grandmother would be in I.S.'s best interests. She also argues that, rather than terminating her parental rights, it would be in L.F.'s best interests to keep the CINA case open and grant concurrent jurisdiction to allow the district court to enter a custody order.

The State asserts that the mother has failed to preserve error with respect to her claims of alternative remedies. We choose to address the issues even if not properly preserved.

The mother's suggestion of a guardianship for I.S. as an alternate approach is not in the child's best interests. The mother is not able to ensure the child's safety or provide for her long-term nurturing and growth. "[A] child's safety and his or her need for a permanent home [are] the defining elements in a child's best interests." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially). The children have been out of their mother's care since March 11, 2014. I.S. has been in several placements between March 11, 2014, and the time of the termination hearing; she deserves stability. Establishing a guardianship for I.S., rather than termination, would not promote stability in her life. *See In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody. Termination and adoption are the preferred solution when a parent is unable to regain custody within the time frames of chapter 232." (citation omitted)).

Similarly, keeping the CINA case open with respect to L.F. to allow the district court to enter a custody order would not provide L.F. with stability. L.F. is placed with her father, and is thriving in this stable environment.

These alternative remedies also presuppose the mother will likely become a responsible parent in the future who should or could remain active in her children's lives. Unfortunately, the mother has made no lasting progress in taking control of her own life, and her children cannot remain in limbo. The children's best interests will be served by termination of their mother's parental rights to allow them to achieve permanency. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014). We agree with the juvenile court that "the child[ren]'s safety, and best opportunity for furthering the child[ren]'s long-term nurturing and growth, as well as the physical, mental and emotional condition and needs of the child[ren] support termination of parental rights."

**C. Exceptions or Factors against Termination.** Last, we consider whether any factor of section 232.116(3) applies to overcome the determination to terminate. The section 232.116(3) factors are permissive, not mandatory. *In re J.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997). "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011). The consideration is "whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent]'s inability to provide for [the child]'s developing needs." *D.W.*, 791 N.W.2d at 709.

Although the mother does not specify what paragraph of section 232.116(3) upon which she relies, we find no factor supports her position. The children are not in the legal custody of a relative, and there is no evidence that a child over ten years of age objected to the termination. Iowa Code section 232.116(3)(a) & (b); *see also A.M.*, 843 N.W.2d at 113. Nor does the record support a finding that there is such a close bond between parent and children that section 232.116(3)(c) should preclude termination of the mother's parental rights. Although the children have a bond with their mother, the mother admitted at the termination hearing that her absence and substance abuse have damaged her relationship with her daughters. The parent-child relationship is not so strong as to outweigh the children's best interests and need for long-term nurturing and permanency. *See In re A.B.*, 815 N.W.2d 764, 778 n.8 (Iowa 2012).

**IV. Conclusion.**

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(f), termination of the mother's parental rights is in the best interests of the children in accordance with section 232.116(2), and no factor in section 232.116(3) overcomes the determination to terminate the mother's parental rights. We therefore affirm termination of the mother's parental rights to I.S. and L.F.

**AFFIRMED.**