In the Interest of J.L.W., Minor Child,
L.W., Mother, Appellant.

No. 97–690.

Court of Appeals of Iowa.

Sept. 24, 1997.

Jeffrey L. Farwell of Farwell & Bruhn, Clinton, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller–Todd, Assistant Attorney General, for appellee–State.

Mathew J. Fullerton, Clinton, guardian ad litem for minor child.

Considered by SACKETT, P.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

A mother appeals the juvenile court decision to terminate her parental rights to her minor child. She claims there is insufficient evidence to support the termination and the State failed to make reasonable efforts to reunite her with her child. We affirm.

Lori and Daniel are the parents of Jacob, who was born on July 16, 1993. Lori and Daniel were never married, but lived together from March 1992 until March 1995. The relationship was marked by domestic violence.

The Department of Human Services (DHS) became involved with Lori in May 1995 when Jacob had a suspicious bruise on his arm. DHS issued a founded report of physical abuse, perpetrator unknown. A founded report of denial of critical care was issued by DHS in August 1995 when Lori left Jacob in the care of an inappropriate babysitter.

Lori has borderline mental retardation. She has been diagnosed with alcohol dependence and depression. Lori tended to leave Jacob in the care of others while she drank. She admitted to a social worker she had given alcohol to Jacob on several occasions. Jacob is developmentally delayed. He also had problems with constipation which required medication. Lori admitted she did not follow Jacob's medication regimen because of her drinking.

On November 3, 1995, Lori voluntarily agreed to place Jacob in foster care. Jacob was adjudicated a child in need of assistance in January 1996. Lori was ordered to participate in individual therapy and parent skill development, obtain substance abuse treatment, and participate in a domestic violence group. Lori was also allowed to have supervised visits with Jacob.

Lori completed an outpatient substance abuse treatment program, but quickly relapsed. She attempted three different inpatient treatment programs, but was unsuccessfully discharged from each one. Lori also continued to maintain abusive male relationships. She engaged in dangerous behavior by having sex with men she did not know. She expressed an interest in getting back together with Daniel, although she admitted their relationship included domestic violence.

In March 1996, an emergency commitment was ordered by the district court due to Lori's threats to commit suicide rather than enter treatment. Lori was placed on medication for her depression. However, she

soon quit taking her medication and began engaging in indiscriminate sex and drinking again.

At a commitment review hearing in July 1996, Lori was involuntarily committed for substance abuse treatment. In October 1996 she ran from the facility and proceeded to drink alcohol. Lori then had a thirty-day evaluation at a State psychiatric hospital. A psychiatrist recommended individual counseling and therapy for substance abuse. In November 1996, Lori entered inpatient substance abuse treatment.

While in foster care Jacob has made great gains in meeting developmental milestones. Due to a stable schedule and diet, he no longer has constipation problems. The foster family has expressed an interest in adopting Jacob.

The State filed a petition to terminate parental rights on January 7, 1997. At the termination hearing, Lori testified she would need another six months of treatment, and then several months to establish an apartment before she would be ready to care for Jacob. She also testified she had ended her relationship with Daniel the day before the hearing. The juvenile court terminated Lori's parental rights pursuant to Iowa Code sections 232.116(1)(g) and (k). Daniel's parental rights were also terminated. Only Lori has appealed.

■ I. The scope of review in termination cases is de novo. *In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993). The grounds for termination must be proven by clear and convincing evidence. *In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa App.1995). Our primary concern is the best interests of the child. *In re A.B.*, 554 N.W.2d 291, 293 (Iowa App.1996).

■ II. Lori contends the State failed to prove the grounds for termination of her parental rights by clear and convincing evidence. She believes the juvenile court improperly considered the superior parenting ability of the foster parents as a ground for termination. Our review of the juvenile court's order shows the court considered the foster family as a factor in determining Jacob's best interests, and not as a ground to terminate Lori's parental rights.

■ Lori also claims her parental rights were terminated only because she did not comply with the case plan. Lori asserts this cannot be an independent ground for termination of her parental rights. The evidence shows Lori's parental rights were not terminated solely because she failed to comply with the case permanency plan. Lori's failure to comply with the requirements of the plan shows her lack of commitment to Jacob, and her persistence in putting her own needs before those of her child.

III. Lori objected to several of the State's exhibits on the grounds of hearsay and lack of foundation. The juvenile court overruled her objections and Lori raises this issue on appeal.

■ In a termination proceeding, a court may judicially notice exhibits which were part of the prior child in need of assistance proceeding. *In re E.J.R.*, 400 N.W.2d 531, 532–533 (Iowa 1987). The papers must be marked, identified, and made a part of the record. *Id.* at 532. Exhibits 1 to 60 were part of the child in need of assistance proceedings. The juvenile court properly took judicial notice of these exhibits.

■ Lori also objected to a hospital record and a report to the court authored by a DHS social worker. These exhibits were admissible under section 232.96(6), which provides:

A report, study, record, or other writing or an audiotape or videotape recording made by the department of human services, a juvenile court officer, a peace officer or a hospital relating to a child in a proceeding under this division is admissible notwithstanding any objection to hearsay statements contained in it provided it is relevant and material and provided its probative value substantially outweighs the danger of unfair prejudice to the child's parent, guardian, or custodian. The circumstances of the making of the report, study, record or other writing or an audiotape or videotape recording, including the maker's lack of personal knowledge, may be proved to affect its weight.

We find no abuse of discretion in the juvenile court's decision to admit this evidence.

IV. Lori asserts the State did not make reasonable efforts to reunite her with Jacob. She claims that within four months after

Jacob was adjudicated a child in need of assistance DHS had already made a decision to terminate her parental rights. She believes she was not given an adequate chance to reunite with her child.

■■■ We question whether Lori has preserved error on this issue because she did not raise it before the juvenile court at the termination hearing. Parents should demand services prior to the termination hearing. *In re C.D.*, 508 N.W.2d 97, 101 (Iowa App.1993). Challenges to services should be made when the case plan is entered. *In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa App. 1994).

Additionally, even if Lori had preserved error on this issue, we would deny her claims. Jacob was placed in foster care on November 3, 1995. Under section 232.116(1)(g), Lori's parental rights could have been terminated by May 3, 1996, when Jacob had been out of her care for six months. The petition to terminate was not filed until January 1997, with the hearing held on March 11 and 12, 1997.

■■■ When the statutory time standards found in section 232.116 are approaching, and a parent has made only minimal progress, the child deserves to have the time standards followed by having termination of parental rights promptly pursued. Section 232.116 works in conjunction with well-established principles of Iowa case law. (We must reasonably limit the time for parents to be in a position to assume care of their child because patience with parents can soon translate into intolerable hardship for the child. *In re A.Y.H.*, 508 N.W.2d 92, 96 (Iowa App.1993). A child should not be forced to endlessly suffer the parentless limbo of foster care. *In re J.P.*, 499 N.W.2d 334, 339 (Iowa App. 1993). The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems. *In re D.A.*, 506 N.W.2d 478, 479 (Iowa App.1993). Children simply cannot wait for responsible parenting. *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990)).

■■■ At some point, the rights and needs of the child rise above the rights and needs of the parents. The legislature, through section 232.116 directs us to that point. We find Lori was given ample time to reunite with Jacob.

**V.** Lori contends her parental rights should not have been terminated because she was under a commitment order. Section 232.116(3)(e) provides the juvenile court need not terminate parental rights if the absence of a parent is due to the parent's admission or commitment to an institution or hospital.

■■■ Section 232.116(3) has been interpreted to be permissive, not mandatory. *In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa App. 1993). It is within the sound discretion of the juvenile court, based upon the unique circumstances before it and the best interests of the child, whether to apply this section. *See In re J.V.*, 464 N.W.2d 887, 890 (Iowa App.1990). We must consider a child's long-range and immediate best interests. *In re A.B.*, 492 N.W.2d 446, 450 (Iowa App.1992).

■■■ We find the juvenile court was correct in determining it was in Jacob's best interests to terminate Lori's parental rights. Lori's prognosis in treatment for substance abuse is guarded because she lacks insight into her problems and has not credibly demonstrated a desire to change. In addition, Lori has not addressed her male dependency issues and would be likely to subject Jacob to further domestic violence. Lori has shown little progress in developing parenting skills.

We affirm the decision of the juvenile court terminating Lori's parental rights to Jacob.

**AFFIRMED.**