Alisha appeals from the district court's order terminating her parental rights to her three children, Levi, Aleigha, and Dylan.[1] Upon our de novo review, In re J.E.,723 N.W.2d 793, 798 (Iowa 2006), we affirm.
Levi, Aleigha, and Dylan first came to the attention of the Iowa Department of Human Services in August 2005 when Alisha was arrested for stealing groceries while the children were left in the car with a friend. The children were voluntarily placed with Alisha's mother, and in December 2005, adjudicated children in need of assistance. As a result of her criminal activity, Alisha was convicted of third-degree theft, child endangerment, and a probation violation of a prior forgery conviction, and has been incarcerated throughout much of the duration of this case. In addition, Alisha has been involved in altercations while incarcerated, affecting her parole eligibility. Her tentative release date is in 2010. The case proceeded to termination, and the district court ordered Alisha's parental rights be terminated pursuant to Iowa Code sections 232.116(1)(b), (d), (e), (f), (j), (l) and 232.117 (2005).
The children have been living with Alisha's sister since April 2006, as Alisha's mother had substance abuse issues to address. Alisha argues on appeal that a guardianship should have been established instead of termination of her parental rights. The State and the children's guardian ad litem assert that it is in the best interests of the children that Alisha's rights be terminated because the children are doing well in the care of their aunt and deserve permanency.
Alisha cannot care for the children anytime in the near future. She has an extensive history of criminal activity and substance abuse, including an admission that she used heroin during her pregnancies. She remained incarcerated at the time of termination, without the prospect of a release in the foreseeable future. Alisha has failed to demonstrate a long-term commitment to maintaining a drug-free, crime-free lifestyle. See J.E., 723 N.W.2d at 798 (stating that we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future).
The children's best interests always guide our consideration of the termination of parental rights. In re M.S.,519 N.W.2d 398, 400 (Iowa 1994). Levi, Aleigha, and Dylan are responding favorably to services and have adapted well to the stable environment provided by Alisha's sister, Megan, who is committed to adopting them. Children should not be made to suffer endlessly for responsible parenting, In reJ.L.W., 570 N.W.2d 778, 781 (Iowa Ct.App. 1997), and they deserve stability and permanency in their lives. In reC.D., 509 N.W.2d 509, 513 (Iowa Ct.App. 1993). Children's safety and their need for a permanent home are the defining elements in a child's best interests. J.E.,723 N.W.2d at 802 (Cady, J., concurring specially). We conclude that termination of Alisha's parental rights to Levi, Aleigha, and Dylan are in the children's best interests and affirm.
AFFIRMED.
[1] The termination of the father's rights is not on appeal.