**IN THE COURT OF APPEALS OF IOWA**

No. 13-1406
Filed February 19, 2014

**IN THE INTEREST OF Z.B. AND B.B.,**
**Minor Children,**

**I.B., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Constance C. Cohen, Associate Juvenile Judge.

A mother appeals from the termination of her parental rights. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea S. Vitzthum, Assistant County Attorney, for appellee State.

Kimberly Ayotte of The Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

The mother appeals the termination of her parental rights to her children, B.B., born in 2002, and Z.B., born in 2004. She contends the State failed to prove the grounds for termination of her parental rights. She also argues the juvenile court abused its discretion in not granting her additional time for continued reunification services and in not applying Iowa Code section 232.116(3)(a) and (c) (2013) to avoid termination of her parental rights. We review her claims de novo. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

The mother has a significant history of criminal activities, drug use, and involvement in abusive relationships. She also has a history of involvement with the Iowa Department of Human Services (Department). As early as 2006, the Department determined the mother had denied her children critical care. Two prior child-in-need-of-assistance (CINA) proceedings have been instituted involving these children. In those cases, the mother was offered and received services for reunification, including substance abuse treatment. She was able to refrain from drug use until those cases were dismissed, only to relapse thereafter. Such is the case here.

In May 2012, the mother tested positive for methamphetamine. The children were once again removed from her care and placed in the care of their paternal aunt and uncle. CINA proceedings were initiated, and the mother was again offered services for reunification. She participated in a court-ordered substance-abuse-treatment program for the fifth time, and she has refrained from use of illegal drugs since that time.

However, the mother was not honest with professionals regarding her involvement in abusive relationships with drug users throughout the case. While progressing to semi-supervised visitation with her children in April 2013, she was secretly involved with a man who was physically abusive towards her and used drugs in her house. Her visitation reverted back to being fully supervised by the Department, and the State filed a petition for the termination of her parental rights.

Following an August 2013 hearing on the State's petition, the juvenile court entered its order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(d) and (f). The court found termination of her parental rights was in the children's best interest and there were "no compelling reasons to maintain the parent/child relationships and no exceptions that militate against termination being in the children's best interest."

On appeal, the mother contends the State failed to prove grounds for terminating her parental rights. Although the mother's rights were terminated pursuant to section 232.116(1) paragraphs (d) and (f), we need only find termination proper under one ground to affirm. *In re R.R.K.*, 544 N.W.2d 274, 276 (Iowa Ct. App. 1995). In this case, we choose to focus our attention on section 232.116(1)(f), which provides termination is appropriate where:

(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother only challenges the last element of paragraph (f). Upon our de novo review, we find the State has met its burden.

While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). The legislature incorporated a twelve-month limitation for children adjudicated a CINA aged four and older. Iowa Code § 232.116(1)(f)(3). Our supreme court has stated that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing Iowa Code § 232.116(1)(e)). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification.

The mother herself admitted at the hearing her children could not be returned to her care at that time, and our de novo review supports this conclusion. Despite at least thirty-six months of services, the same concerns existed at the time of the termination hearing that existed at the time of the CINA adjudication. The mother acknowledged she had codependency and relationship issues, which led to her involvement with individuals who abused illegal substances, and she admitted this pattern historically resulted in her relapsing on drugs. She began individual therapy more than once, but she was never completely honest with her counselors about her numerous abusive relationships

with substance abusers. Perhaps most telling is that she also was not honest with her oldest child and that child's therapist. While working to address trust issues resulting from the child's witnessing the abuse of her mother and her mother's relapses, the mother was secretly continuing a relationship with another abusive and substance-abusing man. She admitted she had allowed her children to be around her past boyfriends, whom she acknowledged had "tempers" and abused drugs; yet, she testified she "would never really allow" her most recent boyfriend to be around her children. Her statement is unconvincing, given her history. We find there is clear and convincing evidence that the children cannot be returned to the mother's custody at the present time, and we therefore agree with the juvenile court's ruling terminating her parental rights pursuant to Iowa Code section 232.116(1)(f).

The mother maintains the court should have given her additional time to work towards reunification. It is true that the juvenile court has the discretion to continue a child's placement out of the home for an additional six months if it determines the need for removal will no longer exist at the end of the additional period. *See id.* § 232.104(2)(b). Unfortunately, the record here clearly establishes that additional time would not yield any different result. We find no error in the juvenile court's decision not to grant her additional time for reunification.

Additionally, the mother asserts termination of her parental rights was not necessary because of her bond with the children and their placement with relatives. *See id.* § 232.116(3)(a), (c); *see also In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by In re P.L.*, 778 N.W.2d

33, 39 (Iowa 2010) (noting we have discretion, based on the unique circumstances of each case and the best interests of the children, whether to apply the factors in 232.116(3) to save the parent-child relationship). However, the children's guardian ad litem recommended termination of the mother's parental rights, noting the children were doing well in the care of their pre-adoptive relatives. She advised the court that these children are in need of permanency, and she reported the oldest child was ready for a decision to be made.

Because the children reside with relatives, the record leaves hope the mother will be able to remain part of the children's lives. But neither their placement with relatives nor their bond with the mother weighs heavily enough to reverse the termination. Under the facts of this case, we cannot maintain the mother-child relationship where there exists only a remote possibility the mother will become a responsible and consistent parent sometime in the unknown future. *See In re Z.H.*, 740 N.W.2d 648, 652 (Iowa Ct. App. 2007) (describing strong bond between parent and child as militating factor, but not overriding consideration). These children deserve permanency now and should not have to wait any longer for the mother to put their needs first. *In re D.W.*, 791 N.W .2d 703, 707-08 (Iowa 2010). Termination will provide the children with the safety, security, and permanency they deserve. *See P.L.*, 778 N.W.2d at 41. We believe the children's best interests are served by severing their legal tie with the mother, *see In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by P.L.*, 778 N.W.2d at 39, and we do not find that any of the factors in section 232.116(3) weigh against termination of her parental rights.

Accordingly, we affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**