**IN THE COURT OF APPEALS OF IOWA**

No. 14-0938
Filed October 1, 2014

**IN THE INTEREST OF B.J.,**
**Minor Child,**

**S.J., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A mother appeals from the termination of her parental rights. **AFFIRMED.**

James G. Sothmann, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie A. Walton, Assistant County Attorney, for appellee State.

Lauren M. Phelps, Davenport, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

A mother appeals from the termination of her parental rights. Reviewing her claims de novo, *see In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014), we affirm.

The mother does not challenge any factual findings made by the juvenile court. Because we conclude the court's findings are fully supported by the record, we cite them with approval:

> [The mother] has had her parental rights to a previous child terminated in January of 2013 due to neglect. Services were offered to the mother during that case and again during this case in an effort to eliminate the adjudicatory harm. The mother was offered services to address her chronic heroin usage and her inability to keep her children safe while she is using. She was also offered frequent visitation with [the child at issue]. [The mother] failed to enter substance abuse treatment until incarcerated in [jail]. There, she attended and completed a comprehensive and intensive drug-treatment program. She was released from jail conditionally on her completing in-patient treatment. Within a week, she used drugs and left the program. She did not visit with [the child] while out of jail until after she was arrested and placed back in custody. The child cannot be safely returned to her care at this time or in the near future. [The mother] has a long road ahead of her. She can handle her substance abuse issues while in a structured locked environment. She is motivated to change and knows what she needs to do to be sober. Unfortunately, she has not demonstrated an ability to be sober more than a few days in the community or even in a structured treatment program. Her failure is not isolated; it is an established pattern documented by the [Iowa Department of Human Services (DHS)] for approximately two years. [The mother] is a loving mother who is addicted to heroin. She knows how to parent a child. She knows how to nurture a child and give them love, but her heroin addiction prevents her from being able to do it.
>     . . . .
>     . . . Appropriate reasonable services were offered to the mother but the adjudicatory circumstances did not change. The adjudicatory harm presented imminent risk to the child's health. The mother is a chronic substance abuser who presents a danger to herself and others as evidenced by her prior acts. Her prognosis indicates that she will not be able to have [the child] returned to her custody within a reasonable period of time. The mother's parental rights to [the child's] older full sibling were terminated.

In determining whether parental rights should be terminated under chapter 232, the juvenile court "follows a three-step analysis." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Step one requires the court to "determine if a ground for termination under [Iowa Code] section 232.116(1) [(2013)] has been established" by the State. *Id.* If the court finds grounds for termination, the court moves to the second step of the analysis: deciding if the grounds for termination should result in a termination of parental rights under the best-interest framework set out in section 232.116(2). *Id.* at 706-07. Even if the court finds "the statutory best-interest framework supports termination of parental rights," the court must proceed to the third and final step: considering "if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights." *Id.* at 707.

The juvenile court found the State proved several statutory grounds for termination of the mother's parental rights, and the mother does not challenge those grounds here. Rather, she asserts the juvenile court failed to consider adequately whether termination of her parental rights was in the child's best interests. On that issue, the court found:

> Pursuant to section 232.116(2), the court should give primary consideration to the child safety, to the best placement for furthering the long-term nurturing and growth of the child into the physical, mental, and emotional condition and needs of the child. The court concludes termination of the parental rights is in the best interest of this child. The guardian ad litem recommends termination of parental rights. The mother has only had very short term success remaining substance free, mostly while incarcerated. The court notes that [the child] is fully integrated into the home of her current foster family. They have committed to her daily care and have demonstrated the willingness and ability to meet her long-term needs.

Upon our de novo review, we find the court adequately considered the issue in its ruling, and we agree with the court's conclusion. Here, the mother's history of substance abuse and relapse, along with the termination of her parental rights to her other child, demonstrates this child could not be placed in the mother's care within a reasonable period of time. The evidence at the hearing established that the child is in need of permanency, and the child should not have to wait any longer. *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). "At some point, the rights and needs of the children rise above the rights and needs of the parents." *In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). A child should not be forced to endlessly suffer the parentless limbo of foster care. *See In re J.P.*, 499 N.W.2d 334, 339 (Iowa Ct. App. 1993). The child is doing well in the care of her foster family, who have demonstrated that they are ready, willing, and able to meet all of the child's needs for safety, permanency, and wellbeing, and the child deserves stability and permanency. Given the mother's history and previous involvement with the DHS, as well as the child's need for permanency, we agree with the juvenile court that termination of the mother's parental rights was in the child's best interests as set forth under the factors in section 232.116(2).

Finally, the mother asserts the juvenile court failed to consider adequately whether the statutory exceptions found in section 232.116(3) applied in this case to preclude termination of her parental rights. *See A.M.*, 843 N.W.2d at 113. The State argues the mother failed to preserve this argument because the termination order did not address this issue. We agree with the State.

Generally, issues raised on appeal must first be raised in the trial court. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). This rule also applies in the context of child-in-need-of-assistance and termination-of-parental-rights proceedings. *Id.* Where, as here, the juvenile court failed to make a written finding of fact or conclusion of law, "[t]he findings and conclusions may be enlarged or amended and the judgment or decree may be modified upon timely posttrial motion [pursuant to Iowa R. Civ. P. 1.904(2)]." *In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994). The party must bring the issue to the attention of the lower court, and it must be evident the court considered the party's claim. *Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). Failure to file such a motion waives any challenges to the deficiency in the court's termination order. *A.M.H.*, 516 N.W.2d at 872.

Here, we agree with the mother that the juvenile court did not make an express determination addressing whether any statutory exception applied. Nevertheless, the mother did not make any further motion to amend and enlarge the court's findings. Therefore, the issue was not preserved for appeal.

Furthermore, we find nothing in the record to support the mother's contention that she and the child have a strong bond. As the child's guardian ad litem correctly points out in its appellate brief:

> No testimony was offered at trial that the mother and child have any bond at all, and in fact the mother never spent more than one or two one-hour supervised visits with the child since the child was three weeks old. When given the opportunity for more visits after being released from jail, the mother instead absented herself from drug treatment and used drugs rather than visiting her daughter, and she has not seen the child since being sent to prison [in January 2014].

Consequently, although the juvenile court did not specifically address this issue, we find nothing in this record on our de novo review that would militate against termination under Iowa Code section 232.116(3).

We conclude termination of the mother's parental rights was in the child's best interests. Additionally, we find the mother's statutory exception argument was not preserved for appeal and lacked merit, nonetheless, because no factor under section 232.116(3) applied to preclude termination of the mother's parental rights. Accordingly, we affirm the juvenile court's ruling terminating the mother's parental rights.

**AFFIRMED.**