# IN THE COURT OF APPEALS OF IOWA

No. 14-2043
Filed February 11, 2015

**IN THE INTEREST OF O.E.,**
**Minor Child,**

**A.E., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals from an order terminating her parental rights to her child. **AFFIRMED.**

Tammi M. Blackstone of Harrison & Dietz-Kilen, Des Moines, for appellant mother.

Thomas J. Miller, County Attorney, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Jennifer G. Galloway, Assistant County Attorney, for appellee State.

Michael Sorci of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

The mother's rights to her child O.E., born in May 2009, were terminated[1] pursuant to Iowa Code section 232.116(1)(e) and (f) (2013). The mother challenges only the ruling as to section 232.116(1)(e). She also urges the court not terminate her rights because the child is in a relative's custody. *See* Iowa Code § 232.116(3)(a).

We conduct a de novo review of termination-of-parental-rights proceedings. *In re P.L.*, 773 N.W.2d 33, 40 (Iowa 2010).

Iowa Code section 232.116(1)(f) provides that termination may be ordered when there is clear and convincing evidence that a child four years of age or older who has been adjudicated a child in need of assistance (CINA) and removed from the parents' care for at least the last twelve consecutive months cannot be returned to the parents' custody at the time of the termination hearing. O.E. is more than four years old, was adjudicated a CINA on September 24, 2013, and has been out of the mother's custody since August 2013 as a result of the mother being charged with operating while intoxicated and child endangerment (the child was in the car with the mother, who tested positive for methamphetamine and marijuana). The child cannot be returned to the mother, who was incarcerated at the time of trial and, by the mother's own testimony, was in need of long-term substance abuse treatment that would prohibit a child being in her care. There is clear and convincing evidence to support termination pursuant to section 232.116(1)(f).

---

[1] The father's rights were also terminated. He does not appeal.

The mother requested the court not terminate her parental rights. She asked that a guardianship be established instead, leaving the child in the care of the grandparents (the mother's parents), who have custody and have provided the child care since removal from the mother (and often before removal as well). *See* Iowa Code § 232.116(3)(a) (providing the court need not terminate parental rights if "[a] relative has legal custody of the child").

The factors weighing against termination in section 232.116(3) are permissive, not mandatory. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997) (*overruled on other ground by In re P.L.,* 778 N.W.2d 3, 39 (Iowa 2010)). The child is well-integrated in the grandparents' home, and they have indicated they are willing to adopt the child. Our supreme court has recently stated that "[c]ourts are obliged to move urgently to achieve the ends that will best serve the child's interests because childhood does not 'await the wanderings of judicial process.'" *In re J.C.*, ___ N.W.2d ___, ___, 2014 WL 7338505, at *6 (Iowa 2014) (citation omitted). Where a child cannot be reunified with the parent, termination of parental rights followed by adoption is the favored placement option. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child."). We agree with the juvenile court that the child's best interests are served by terminating the mother's parental rights.

**AFFIRMED.**