# IN THE COURT OF APPEALS OF IOWA

No. 16-0151
Filed March 23, 2016

**IN THE INTEREST OF K.K.,**
**Minor Child,**

**S.S., Mother,**
      Appellant.
_____

      Appeal from the Iowa District Court for Clay County, Charles K. Borth, District Associate Judge.


      A mother appeals the order terminating her parental rights.  **AFFIRMED.**


      Michael L. Sandy of Sandy Law Firm, P.C., Spirit Lake, for appellant mother.

      Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

      Shawna Nolan Ditsworth of Ditsworth Law, Spirit Lake, for minor child.


      Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals[1] the termination of her parental rights to one child, K.K. The mother claims clear and convincing evidence does not support the termination of her parental rights, and termination is improper due to the close parent-child bond and due to the fact the child is currently living with the maternal grandparents.[2]  We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights; we adopt the findings of fact and conclusions of law as our own.

The State claims the mother has not preserved error on any statutory claim because she did not attend the termination hearing and her counsel did not object to any evidence or call witnesses.  Though, the State admits one exhibit was offered on the mother's behalf.  *See, e.g.*, *In re P.S.*, No. 11-0516, 2011 WL 2714169, at *1 (Iowa Ct. App. July 13, 2011) ("Because the father did not present any evidence or lodge any objection alerting the juvenile court to his complaints, he has not preserved error for our review."); *see also In re C.T.*, No. 14-0243, 2014 WL 1714958, at *1 (Iowa Ct. App. Apr. 30, 2014) (same).  Since the mother

---

[1] The father's parental rights were terminated and he does not appeal.

[2] After this appeal was submitted to our court, the mother filed a letter and multiple exhibits for our consideration.  Pursuant to Iowa Rules of Appellate Procedure 6.204(2) and 6.801 we will not consider the mother's filings.

has presented at least a modicum of evidence, we find she has preserved error for our review.

## A. Grounds for Termination

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (h), (*l*) (2015). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother has only properly raised a claim pursuant to subsection 232.116(1)(e). Her failure to challenge the termination under subsections (h) and (*l*) waives any claim of error related to those grounds. *See In re D.S.*, 563 N.W.2d 12, 15 (Iowa Ct. App. 1997) (finding principles of res judicata barred a father who failed to appeal a juvenile court order from raising the challenge on appeal); *Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."). Therefore, we affirm the juvenile court's conclusion that termination is appropriate under subsections (h) and (*l*).

## B. Exceptions to Termination

The mother also claims the termination of her parental rights is improper due to the closeness of the parent-child bond and the fact the child is residing with the maternal grandparents. *See* Iowa Code § 232.116(3).

Section 232.116(3)(a) states the court need not terminate the parent-child relationship if a relative has legal custody of the child. Section 232.116(3)(c) provides the court need not terminate if there is clear and convincing evidence that termination would be detrimental to the child due to the closeness of the

parent-child relationship. The provisions of section 232.116(3) are permissive, not mandatory. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by P.L.*, 778 N.W.2d at 39–40. The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship. *In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by P.L.*, 778 N.W.2d at 39–40.

> Here, the court reasoned:

> [K.K.] is thriving in [the grandparents'] home. She has integrated into their family and considers them her parent figures. She has never lived anywhere else. They are interested in adoption. A strong bond exists between [K.K.] and [the grandparents]. [K.K.]'s brother, . . . also continues to reside in the home. Based on the record herein, the court concludes that terminating the parents' parental rights so that [K.K.] can be permanently placed gives primary consideration to her safety, for her best placement for furthering her long-term nurturing and growth, and to her physical, mental, and emotional needs.

We agree with the district court and find preserving the mother's parental rights would be contrary to the best interests of K.K., due to the child's bond with her maternal grandparents. Additionally, we find the evidence does not support a finding the mother has a strong bond with K.K. and the juvenile court correctly declined to apply this exception to the termination.

We affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**