**IN THE COURT OF APPEALS OF IOWA**

No. 16-0276
Filed May 11, 2016

**IN THE INTEREST OF J.M., C.M., and R.M.,**
**Minor Children,**

**M.M., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Romonda D. Belcher,

District Associate Judge.


        A mother appeals from the order terminating her parental rights.

**AFFIRMED.**


        Aaron H.R. Ginkens of Ginkens Law Firm P.L.C., West Des Moines, for

appellant mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd (until

withdrawal) and Diane M. Stahle, Assistant Attorney Generals.

        Paul L. White of the Juvenile Public Defender's Office, Des Moines, for

minor children.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals[1] the juvenile court order terminating her parental rights to three children. The mother claims clear and convincing evidence does not support the termination of her parental rights, termination is not in the best interests of the children, and termination is improper due to the close parent-child bond and because the children are in the legal custody of a relative. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well-established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the mother's parental rights; we adopt the findings of fact and conclusions of law as our own.

**A.      Grounds for Termination**

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (f), and (*l*) (2015). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). The mother has only properly raised a claim pursuant to subsection 232.116(1)(f). Her failure to challenge the termination under subsections (d) and (*l*) waives any claim of error related to those grounds. *See In re D.S.*, 563 N.W.2d 12, 15 (Iowa Ct. App. 1997) (finding principles of res judicata barred a father who failed to appeal a juvenile court order from raising

---

[1] The father's parental rights were terminated and he does not appeal.

the challenge on appeal); *see also Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."). Therefore, we affirm the juvenile court's conclusion termination is appropriate under subsections (d) and (*l*).

**B.    Best Interests**

The mother claims termination is not in the best interests of the children. In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d at 39. We consider the children's long-range, as well as their immediate best interests. *In re T.P.*, 757 N.W.2d 267, 269 (Iowa Ct. App. 2008).

The mother has failed to make a cognizable argument on why termination is not in the best interests of the children; therefore we find she has waived this claim on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Each division [in the argument section of an appellate brief] shall include . . . . An argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . .").

Even if the mother had made a cognizable argument, we find termination is in the best interests of the children. The record shows the mother has been unable to address her alcohol and methamphetamine use. The mother's substance abuse history dates back to 2001 and is marked by periods of treatment and relapse. The mother used controlled substances during the termination proceedings. The children need stability in their lives now and, due

to the mother's unresolved and ongoing substance abuse issues, termination is in their best interests.

## C. Exceptions to Termination

The mother also claims the termination of her parental rights is improper due to the closeness of the parent-child bond and the fact the child is residing with the maternal grandparents. *See* Iowa Code § 232.116(3).

Section 232.116(3)(a) states the court need not terminate the parent-child relationship if a relative has legal custody of the child. Section 232.116(3)(c) provides the court need not terminate if there is clear and convincing evidence that termination would be detrimental to the child due to the closeness of the parent-child relationship. The provisions of section 232.116(3) are permissive, not mandatory. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by P.L.,* 778 N.W.2d at 39–40. The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship. *In re C.L.H.,* 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by P.L.,* 778 N.W.2d at 39–40.

The juvenile court declined to apply the 232.116(3) exceptions in this case. As we noted above, termination is appropriate due to the mother's unresolved substance abuse issues. The record shows there is a bond between the grandparents and the children. The grandparents have demonstrated they have the ability to meet the long-term needs of the children. We agree with the juvenile court's decision not to apply a 232.116(3) exception to the termination of the mother's parental rights.

We affirm the decision of the juvenile court terminating the mother's parental rights.

**AFFIRMED.**