# IN THE COURT OF APPEALS OF IOWA

No. 16-0679
Filed June 15, 2016

**IN THE INTEREST OF A.N.,**
**Minor child,**

**S.C., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Adam D. Hanson of Hanson Law Office, Winterset, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Karl Wolle of the Juvenile Public Defender's Office, Des Moines, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child. The grounds for termination were proven by clear and convincing evidence, and termination is in the child's best interests. Because the requirements of Iowa Code section 232.116 were met, we affirm.

### I. Background Facts and Proceedings.

The child at issue, born in October 2014, was removed from the home shortly thereafter due to the mother's substance abuse issues and the father's incarceration, and was adjudicated to be a child in need of assistance (CINA). In April 2015, the child was returned to the mother's care after the mother demonstrated great progress in remedying the circumstances that led to the CINA adjudication. However, the father remained incarcerated until December 2015, and the State filed a petition seeking to terminate his parental rights shortly before he was released.

The termination hearing was held in March 2016. On April 1, 2016, the juvenile court entered an order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(d) and (h) (2015). The father appeals.

### II. Analysis.

Before terminating parental rights, the court must follow the three-step analysis enumerated in Iowa Code section 232.116. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). We review orders terminating parental rights de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's fact-findings, though we are not bound by them. *See id.*

Although the juvenile court found clear and convincing evidence to terminate the father's parental rights under two paragraphs of section 232.116(1), we need only find the evidence supports termination on one of these grounds to affirm. *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). In order to terminate the father's parental rights under section 232.116(1)(h), the State was required to prove:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father argues the State failed to prove the fourth element for termination under section 232.116(1)(h). We disagree.

The father has been incarcerated at least seven times and has an extensive criminal record dating back to 1984. The father was most recently incarcerated for domestic abuse assault by impeding breathing and first-degree harassment, which he perpetrated on the child's mother at the end of their two-year relationship marred by physical and mental abuse. The mother's two older children witnessed the abuse, and there is evidence the father was physically abusive to the children as well.

The father's actions and resulting incarceration caused the father to miss the first year of the child's life. At the time of the termination-of-parental-rights hearing, the father had only seen the child once, and the child was observed to

be uncomfortable in the father's presence during that visit. The father admitted at the termination-of-parental-rights hearing that he was a stranger to the child and was in "no position to care" for the child. Accordingly, clear and convincing evidence shows the child cannot be safely returned to the father's care.

The father complains the State failed to make reasonable efforts to return the child to him as required.[1]  See Iowa Code § 232.102(7) (stating that if the court transfers custody of a child to the Iowa Department of Human Services (DHS), the DHS "shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). However, what the father wants is more time. He argues he is "a changed man" now that he has a child of his own and asks for additional time to prove it. "Time is a critical element" in termination proceedings. See C.B., 611

---

[1] The father claims he preserved error on this claim by stating, at the time of the termination hearing, his belief he could prove his ability to parent if given more time. However, a challenge to the sufficiency of such services should be raised when the services are offered. See In re L.M.W., 518 N.W.2d 804, 807 (Iowa Ct. App. 1994); see also In re B.K.K., 500 N.W.2d 54, 57 (Iowa 1993) (holding termination proceedings should not be voided on the basis of services first suggested after the fact).

The record shows that in June 2015, the father requested the juvenile court order him to take a parenting class, but his request was denied because "[t]he father is incarcerated and the parenting class is not available in the institution in which father is incarcerated." The father does not cite anywhere else in the record where additional services were requested. Even on appeal, the father does not cite to any specific service he should have received.

Even if the father had requested additional services, the record shows that the father was largely unavailable to receive them. The father was incarcerated for the duration of the CINA proceedings. After his release, he had one supervised visit with the child—in January 2016—before being hospitalized due to an autoimmune disease. The father remained in the hospital until March 7, 2016, but waited until March 14, 2016—four days before the termination of parental rights hearing was scheduled—to notify the DHS of his release.

At any rate, the reasonable efforts requirement is not a strict substantive requirement for termination. See In re C.B., 611 N.W.2d 489, 493 (Iowa 2000). Instead, the services provided by the DHS to reunify parent and child after removal impacts the State's burden of proving the child cannot be safely returned to the care of a parent. See id.  As stated, we find clear and convincing evidence shows the child cannot be safely returned to the father's care.

N.W.2d at 495. Once the time period for termination specified in section 232.116(1) has passed, termination proceedings are viewed with a sense of urgency. *See id.* Children are not equipped with pause buttons. *See In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). The father should not be granted additional time to prove himself at the expense of the child. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997) (stating that at some point, the rights and needs of the child rise above the rights and needs of the parent). To do so would be contrary to the child's best interests.[2]

Having determined the statutory requirements for termination of parental rights were met, we affirm the order terminating the father's parental rights to his child.

**AFFIRMED.**

---

[2] The father notes termination is not mandatory because at the time of the termination-of-parental-rights hearing, the child was in the mother's care. Iowa Code section 232.116(3)(a) provides the court "need not terminate the relationship between the parent and child" if "[a] relative has legal custody of the child." This section is permissive, not mandatory. *See In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993). As we have found, delaying termination is not in the child's best interests.