## IN THE COURT OF APPEALS OF IOWA

No. 18-0496
Filed June 6, 2018

**IN THE INTEREST OF A.G. and R.G.,**
**Minor Children,**

**M.G., Mother,**
    Appellant,

**D.A., Father of R.G.,**
    Appellant,

**T.P., Father of A.G.,**
    Appellant.

_____

Appeal from the Iowa District Court for Page County, Amy L. Zacharias, District Associate Judge.

A mother and two fathers separately appeal the termination of their parental rights. **AFFIRMED ON ALL APPEALS.**

Justin R. Wyatt of Woods & Wyatt, P.L.L.C., Glenwood, for appellant mother.

Sarah M. Hart of Reisinger Booth and Associations, P.C., L.L.O., Omaha, Nebraska, for appellant father D.A.

C. Kenneth Whitacre of C. Kenneth Whitacre Law Office, Glenwood, for appellant father T.P.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

Vicki R. Danley, Sidney, guardian ad litem for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother of R.G., born in 2014, and A.G., born in 2016, appeals the termination of her parental rights. R.G.'s father appeals the termination of his parental rights to R.G., and A.G.'s father appeals the termination of his parental rights to A.G.

## I.      Background Facts and Proceedings

The family came to the attention of the Iowa Department of Human Services (DHS) most recently in April 2017 due to allegations the mother was using methamphetamine while taking care of the children. Previously, R.G. was adjudicated a child in need of assistance (CINA) in February 2016 in Montgomery County upon concerns the mother was using methamphetamine. The DHS offered the mother services including substance-abuse treatment, mental-health evaluations, and family programs. A.G. was born in May 2016, and for approximately one year, the mother attended services sporadically, but sufficiently enough to have the CINA case closed in February 2017. The mother's success was short-lived as the DHS removed the children from their mother's care in April 2017 upon allegations the mother was again using methamphetamine while caring for the children. The DHS placed R.G. with the maternal cousins with whom she had previously stayed during the DHS's first involvement. A.G. was initially placed with the maternal grandmother but later transitioned to placement with the maternal cousins and R.G.

On July 8, 2017, the children were adjudicated CINA under Iowa Code section 232.2(6)(c)(2) and (n) (2017). Reunification services were offered to all three parents.

The State filed a petition for termination of all three parents' parental rights on December 28, 2017, after no parent demonstrated sufficient compliance or progress to be able to care for the children. After a February 15, 2018 hearing, at which all three parents testified, the district court entered an order terminating the parental rights of the mother, R.G.'s father, and A.G.'s father pursuant to Iowa Code section 232.116(1)(e) and (h) (2017).

The mother and both fathers appeal.[1]

## II. Standard of Review

We review termination of parental rights proceedings de novo, giving deference to the district court's findings but not being bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## III. Mother's Appeal

The mother contends the district court erred in finding clear and convincing evidence supported termination under Iowa Code section 232.116(1)(e) and (h). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

Paragraph (h) provides termination is warranted if:

The court finds that all of the following have occurred:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

---

[1] Although the district court took judicial notice, without objection, of various criminal charges and convictions of the mother and R.G.'s father, the specific documents were not made part of the record on appeal.

or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The first three subsections are undisputed as both A.G. and R.G. are three years of age or younger, they have been adjudicated CINA, and they have been removed from the mother's physical custody for the last six consecutive months. The mother challenges subsection (4), asserting the children could be returned to her care soon after she could be released from jail.

After the children were removed, the mother sporadically engaged in services to address not only her substance abuse but also mental-health issues. Although she would show some limited progress, she would regularly relapse into drug use and criminal activity leading to incarceration. In December 2017, the mother tested positive for methamphetamine. On January 3, 2018, the State charged the mother with possession of a firearm or offensive weapon by a felon, in violation of Iowa Code section 724.26(1). The mother remained incarcerated at the time of the termination hearing and, although she testified her attorney was working on getting "all charges thrown out," all of the charges remained pending with no indication of the ultimate outcome of the criminal proceedings.[2] The DHS caseworker testified, "There have been short bursts where [the mother] was able to demonstrate some sobriety. I would say maybe two months, two to three

---

[2] Also pending at the time of the termination hearing was the mother's probation revocation proceeding. In December 2017, the mother previously pled guilty to charges of possession of a controlled substance and possession of contraband in a correctional institution, in Fremont County. She was then facing probation revocation pending the outcome of the Mills County weapon charge.

months, and then closely followed by another relapse or some kind of a criminal activity that ended up where she's incarcerated again." Based on our review of the record, we agree with the district court's conclusion the State proved by clear and convincing evidence the children could not be safely returned to the mother. *See* Iowa Code § 232.116(1)(h)(4).

In making a best-interest determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The DHS caseworker testified that R.G. and A.G. are doing well with the maternal cousins. In addition, the mother has not been able to successfully attend to her substance-abuse issues that led to the DHS involvement. Despite the children's young age, the family has been involved with the DHS twice, and the mother continued to have positive drug screens. "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Termination of the mother's parental rights will give the children the safety and stability they need. Accordingly, we agree it was in the children's best interests to terminate the mother's parental rights.

The mother then asserts her bond with A.G. and R.G. should preclude termination. *See* Iowa Code § 232.116(3)(c). The factors set forth in section 232.116(3)(c) are permissive, not mandatory. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by P.L.*, 778 N.W.2d at 33. Any bond the mother claims to have with the children has been strained by the

mother's drug use and criminal activity, and it is diminished due to the children's young age. Therefore, we agree with the district court that Iowa Code section 232.116(3)(c) does not preclude termination.

Finally, the mother requested an extension of three to six months to work out her issues once her criminal charges are resolved and upon the hope she would be released from jail. *See* Iowa Code § 232.104(2)(b) (providing a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). At the termination hearing the mother failed to explicitly request a six-month extension, and she did not give anything of substance that would support a finding that the need for removal would not exist in six months. She merely testified it would take a "couple months" for her to be in a position to take care of her kids. Because the mother has made so little progress on resolving her substance-abuse and mental-health issues and continues to engage in criminal activities, the record does not indicate the mother would be able to safely care for her children with a six-month extension of time.

Accordingly, we affirm the district court's termination of the mother's parental rights.

## IV. A.G.'s Father's Appeal

A.G.'s father contends the district court erred in finding clear and convincing evidence supported termination under Iowa Code section 232.116(1)(e). As he does not contest the court's findings made under paragraph (h), we affirm the termination of his parental rights under that subsection. *See Hyler v. Garner*, 548

N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The district court also found termination was in the best interests of the child. Iowa Code § 232.116(2). A.G.'s father did not engage in services until January 2018, just one month before the termination hearing. He then attended approximately three visits with A.G. but chose to end each prematurely after about thirty minutes. His lack of compliance with offered services and his general disinterest in parenting A.G. show that termination is in A.G.'s best interests. A.G. is doing well in the care of relatives, and his permanency, safety, and stability are best served by terminating the father's parental rights. *See id.* We agree it was in the child's best interests to terminate A.G.'s father's parental rights and nothing mitigated against termination. *See id.* § 232.116(3). Accordingly, we affirm the district court's order terminating A.G.'s father's parental rights.

## V. R.G.'s Father's Appeal

R.G.'s father contends the district court erred in finding clear and convincing evidence supported termination under Iowa Code section 232.116(1)(e) and (h). *See A.B.*, 815 N.W.2d at 776. As he does not contest the court's findings made under paragraph (h), we affirm the termination of his parental rights under that subsection. *See Hyler*, 548 N.W.2d at 870.

The district court also found termination to be in R.G.'s best interests. Iowa Code § 232.116(2). R.G.'s father was incarcerated at the time of the termination hearing on three separate felony charges. He also testified that he used drugs two months prior to the termination hearing. In addition, as this is the DHS's second involvement with R.G., termination is in her best interests to provide safety and

stability in her life and to avoid any further DHS involvement.  *See id.*; *see also In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (looking "to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future" (citation omitted)).

R.G.'s father asserts R.G.'s placement with a relative and her strong bond with him should preclude termination.  *See* Iowa Code § 232.116(3)(a), (c).  The record shows that three-year-old R.G. has not lived with her father because he has not complied with services.  Furthermore, the father testified he could not remember when his last visit with R.G. was and that particular visit ended poorly.  Because of R.G.'s young age, the time spent out of her father's care, and her need for stability, we agree the permissive considerations found in section 232.116(3)(a) and (c) do not overcome the conclusion that termination is in R.G.'s best interests.  *See J.L.W.*, 570 N.W.2d at 781 (noting the factors set forth in this section are permissive).  Accordingly, we affirm the district court's order terminating R.G.'s father's parental rights.

R.G.'s father also argues the DHS did not make reasonable efforts for reunification with R.G.  *See* Iowa Code § 232.102(5)(b).  He asserts that services offered to the mother, including drug screens, home studies, or relative care placement, were not offered to him.  After the July 6 CINA adjudication, R.G.'s father failed to make contact with the DHS, and he failed to follow through with offered services or visitation, as found in the December 12 permanency order.  He

was arrested on January 2, 2018, and remained incarcerated at the time of the termination hearing.[3]

R.G.'s father had an "obligation to demand other, different, or additional services *prior* to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (emphasis added). Because he did not make a demand for services prior to the termination hearing, he has not preserved this claim for our review on appeal.

## VI. Conclusion

Because the State proved by clear and convincing evidence the children could not be returned to their parents at the time of the termination hearing and the children are doing well in their placement, we affirm.

**AFFIRMED ON ALL APPEALS.**

---

[3] On January 3, 2018, R.G.'s father was charged under multiple case numbers, and awaits adjudication on, the following:

(1) - Count I: Possession of Contraband On/In Grounds of Correctional Facility, in violation of Iowa Code section 719.7(1), 719.7(3)(a), and 719.7(4).
Count II: Possession of Methamphetamine, a Schedule II Controlled Substance, First Offense, in violation of section 124.401(5).
(2) - Count I: Theft in the Second Degree, in violation of section 714.1(1) and 714.2(2).
Count II: Burglary in the Third Degree, in violation of section 713.1 and 713.6A.
(3) - Count I: Theft in the Second Degree, in violation of section 714.1(1) and 714.2(2).
Count II: Burglary in the Third Degree, in violation of section 713.1 and 713.6A.
(4) - Driving Under Suspension, in violation of section 321.218.
(5) - Registration Violation, in violation of section 321.34.
(6) - Operating a Non-Registered Vehicle, in violation of section 321.17.