# IN THE COURT OF APPEALS OF IOWA

No. 19-2079
Filed July 22, 2020

**IN THE INTEREST OF H.B.,**
**Minor Child,**

**J.B., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


        A father appeals the termination of his parental rights to his child.
**AFFIRMED.**


        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

        Karl Wolle of the Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor child.


        Considered by Vaitheswaran, P.J., Ahlers, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

A father appeals the termination of his parental rights to his child. He challenges the grounds for termination and the finding that termination is in the child's best interests. The father also seeks to avoid termination because the child is in the custody of a relative. We review his claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child, now eight years old, came to the attention of the Iowa Department of Human Services (DHS) in December 2017 due to allegations that the mother was under the influence of methamphetamine while caring for the child, which the mother admitted. The same month, the father was arrested after a physical altercation with his girlfriend in the home while the child was present. He pled guilty to domestic abuse assault by strangulation as a result of that incident.

The juvenile court ordered the child removed from the home in January 2018 and adjudicated the child to be in need of assistance (CINA) the following month based on the mother's substance use and the father's domestic violence. In the year that followed, the mother continued to struggle with substance use and the father made little progress. But because the child was in a relative placement and both parents made some progress late in the case, the court delayed permanency for six months. The mother continued to make headway, and the juvenile court returned the child to her care in May 2019. In contrast, the father largely ceased his engagement with services in March 2019. Eventually, the child's therapist recommended suspending the father's visits due to his issues with regulating his emotions, especially anger.

In August 2019, the State petitioned to terminate the father's parental rights. The DHS, the mother, and the child's attorney and guardian ad litem were in favor of terminating the father's parental rights. The father contested termination but agreed that the child should remain in the mother's care. Following a September 2019 hearing, the district court terminated the father's parental rights under Iowa Code section 232.116(1)(f) (2019).

In order to terminate under section 232.116(1)(f), clear and convincing evidence must show:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father challenges the evidence showing the child could not be returned to his custody at the time of termination without exposing the child to harm amounting to a new CINA adjudication. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to a parent's custody as provided in section 232.102 if doing so would expose the child to any harm amounting to a new CINA adjudication). The father argues the evidence falls short because he had the means to care for and support the child at the time of the termination hearing.

The evidence shows the same concerns that prevented the child from being placed in the father's care at the start of the CINA proceedings persisted at the time of termination. As the juvenile court found, the father

> failed to meaningfully address substance abuse, domestic violence, and mental health issues. He has failed to maintain any contact with the child for the past five months and prior to that had not maintained consistent contact with the child throughout the duration of the [CINA] case. The father acknowledged the child should remain in the mother's full custody and that his behaviors have emotionally harmed this child, to the point the child has come to the conclusion the father must be dead. He also acknowledged . . . his own stubbornness was the reason for his delay in engagement in services. The Court finds these unresolved issues prevent this child from being safely returned to the father's custody.

On our de novo review, we concur in the juvenile court's findings. Overwhelming evidence shows the child could not be returned to the father's care at the time of the termination hearing.

We next consider whether termination is in the child's best interests. *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). In making this determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The father claims terminating his parental rights is contrary to the child's best interests because he has a relationship with the child. But the father's last visit with the child was in May 2019, and the visits ended because of the father's behavior and the negative effect it had on the child. And the record shows the

father is unwilling to do what is necessary for the child. As the juvenile court noted, the father

> essentially admitted that although he loved his son, he did not love him enough to participate in drug testing as requested by the DHS, did not love him enough to consistently attend [Family Safety, Risk, and Permanency] visits, did not love him enough to participate in child's therapy, did not love him enough to complete his drug classes, and did not love him enough to participate in domestic violence services during the [CINA] case.

As a result of the father's choices and behavior, the child considered the father to be "dead." Clear and convincing evidence shows termination of the father's parental rights is in the child's best interests.

Finally, the father seeks to avoid termination of his parental rights under section 232.116(3), which provides that the court need not terminate parental rights in certain situations. One of these situations is when the child is in the legal custody of a relative. *See* Iowa Code § 232.116(3)(a). But the application of section 232.116(3) is permissive rather than mandatory. *See A.S.*, 906 N.W.2d at 475. Whether the court applies the section to avoid terminating parental rights based on any of the situations listed under section 232.116(3) will depend on the facts of the case. *See id.* Our supreme court has stated that when termination is appropriate under those facts, that decision "is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* (citation omitted). Although the record shows the father would benefit from applying section 232.116(3)(a) to avoid termination, the child would not. We decline to apply the section to preserve the parent-child relationship. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997) ("At some point, the rights and needs of the child

rise above the rights and needs of the parents."), *overruled on other grounds by P.L.*, 778 N.W.2d at 40.

Because clear and convincing evidence supports terminating the father's parental rights under Iowa Code section 232.116(1)(f) and termination is in the child's best interests, we affirm.

**AFFIRMED.**