# IN THE COURT OF APPEALS OF IOWA

No. 16-0092
Filed March 23, 2016

**IN THE INTEREST OF T.H. AND T.H.,**
**Minor Children,**

**E.R., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Worth County, Annette L. Boehlje, District Associate Judge.

The mother appeals the district court's termination of her parental rights to her children, T.H. and T.H. **AFFIRMED.**

Charles H. Biebesheimer of Stillman Law Firm, Clear Lake, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Patrick Rourick of Patrick J. Rourick Law Office, St. Ansgar, for minor children.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

The mother appeals the district court's termination of her parental rights to her children, T.H.-1 and T.H.-2, asserting the relative-placement and parent-child bond considerations found in Iowa Code section 232.116(3)(a) and (c) (2015) should preclude termination. Because neither the children's placement nor any bond was demonstrated to preclude termination, we affirm the order of the district court.

T.H.-1, born November 2008, and T.H.-2, born March 2010, first came to the attention of the Iowa Department of Human Services (DHS) in August 2013, due to reports of the parents' methamphetamine use and domestic violence. The children were adjudicated in need of assistance on February 26, 2014. After the mother tested positive for methamphetamine, the children were removed under a June 24, 2014 ex parte order. They were placed with the paternal grandparents where they remained at the time of the termination hearing, with legal custody remaining with DHS.

The mother was given supervised visitation, which she failed to regularly attend. She was also offered a host of services to help her reunite with the children, including critical substance abuse and mental health treatment. Her participation was sporadic and her drug use continued.

The State filed a petition to terminate the mother's rights,[1] and on December 29, 2015, a hearing on the petition was held. The mother did not

---

[1] The State also petitioned to terminate the father's parental rights, which the district court granted; however, he does not appeal.

attend, informing her counsel this was due to transportation problems.[2] Following the hearing, the district court entered an order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f), finding it was in the children's best interests to do so. It further determined there were no impediments to termination under Iowa Code section 232.116(3). The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the children's best interests. *Id.*

On appeal, the mother does not contest the statutory grounds for termination under Iowa Code section 232.116(1)(e) and (f). Rather, she asserts the permissive provisions of Iowa Code section 232.116(3)(a) and (c) should preclude termination. Those provisions state:

> The court need not terminate the relationship between the parent and child if the court finds any of the following:
> a. A relative has legal custody of the child.
> . . . .
> c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

Iowa Code § 232.116(3).

---

[2] The hearing was continued from 9:00 a.m. until 11:30 a.m. to allow the mother time to arrive and present testimony. The court noted it:
> view[ed] this as another attempt by [the mother] to delay the process through a series of lies and lack of effort. Since she wasn't even out of bed at the time the proceeding was set to start, it does not appear she had any real intention of attending the hearing, likely hoping it would again be continued.

As to paragraph (a), the children were placed with the paternal grandparents, but DHS retained legal custody. Thus, that subsection does not preclude termination. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (noting section 232.116(3)(a) did not prevent termination when the child was living with her grandparents but legal custody of the child remained with DHS). As to paragraph (c), any claim of a bond between the mother and the children was undermined by the mother's erratic conduct at offered visitation. As noted by DHS in a detailed report to the court, dated one month prior to the termination hearing:

> Since the removal of the children from her care, [the mother] has been offered supervised visits with the children. While she initially was consistent with following through with the scheduled visits, she was frequently late and ill prepared for the interactions. The interactions were generally chaotic with no sense of order. [The mother] was extremely overwhelmed with parenting the children and had a very difficult time dealing with [T.H.-2's] behaviors. [The mother] would respond to [T.H.-2's] negative behaviors with her own anger. Following an incident at her home during a supervised interaction where Law Enforcement was called due to [the mother's] inability to control her temper, it was Court ordered that visits were to begin taking place in the community. [The mother] was consistently late or was a no show for her visits due to not arriving within the allotted time frame. Due to the negative impact this was having on the children, a collaborative decision was made by this worker and the children's therapist to suspend [the mother's] visits and phone calls with the children. This remains in place at this time. [The mother] has not been able to successfully move past supervised visits since the children were removed from her care on 6/24/14.

The author of that report testified at the termination hearing, stating that any bond the mother claimed to have with the children was "unhealthy."

In its order, the district court further noted:

> Any sadness the children may experience because of termination does not overcome the likely long-term hardship and neglect the

children will suffer in the care of [the parents]. The Court simply cannot find that the parent-child relationship is so strong that it outweighs the need for termination. Despite any fondness or love between the parents and the children, it is not in the children's best interest to wait any longer for permanency.

We agree with the court that any bond the mother claims to have with the children has been severely strained by the negative impact her poor choices and behavior have had on the children. Therefore, we agree that Iowa Code section 232.116(3)(c) does not preclude termination. Furthermore, the permissive considerations found in Iowa Code section 232.116(3)(a) and (c) do not overcome the conclusion termination is in the children's best interests. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa 2012) (noting the factors set forth in this section are permissive). Consequently, we affirm the order of the district court terminating the mother's parental rights to the children.

**AFFIRMED.**