# IN THE COURT OF APPEALS OF IOWA

No. 19-1270
Filed October 9, 2019

**IN THE INTEREST OF A.D.,**
**Minor Child,**

**R.D., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Scott County, Korie Shippee, District

Associate Judge.

A father appeals the termination of his parental rights to his child.

**AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)

and Mary A. Triick, Assistant Attorneys General, for appellee State.

Matthew D. Hatch, Bettendorf, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Bower and Greer, JJ.

**GREER, Judge.**

R.D. appeals the termination of his parental rights to his daughter A.D.[1]  The juvenile court terminated the father's rights under Iowa Code sections 232.116(1)(b), (e), (g), (h), and (l) (2019).  To challenge that ruling, the father maintains termination is not in the child's best interests under any of the statutory grounds, and because of his incarceration and his attempted commitment to A.D., reunifications efforts must continue.

**I.  Facts and Prior Proceedings.**

In the midst of termination proceedings related to her older siblings, A.D. was born in July 2018.[2]  She tested positive for benzodiazepines at birth.  The father was incarcerated at this time,[3] and he has remained incarcerated in some Iowa penal institution—jail or prison—throughout these proceedings.  Recognizing their inability to provide care, these parents arranged for A.D.'s paternal aunt and uncle to temporarily act as caregivers upon the child's discharge from the hospital, and A.D. continued to reside with the aunt and uncle through the time of termination.

On October 31, 2018, the court adjudicated A.D. a child in need of assistance (CINA).  After the CINA adjudication, A.D. began weekly visitation with the father via video at the jail.  After terminating the rights of the older children, the State moved to waive its obligation to make reasonable efforts to reunite A.D. with

---

[1] The parental rights of A.D.'s mother were terminated at the same time.  She struggled with substance abuse, tested positive for benzodiazepines at A.D.'s birth, spent time incarcerated, and failed to address housing and stability challenges.  She does not appeal the termination of her rights.

[2] Rights to three of the father's other children were terminated on November 26, 2018.

[3] At the time of her birth, the father's incarceration resulted from a probation violation in May 2018.

the parents. Even before the ruling on reasonable-efforts-to-reunite issue, in February 2019, the jail staff suspended the father's visitation privileges for fighting in jail. With a history of lack of effort by the parents, in March, the court waived the reasonable-efforts requirement, citing the parents' minimal participation in the services the Iowa Department of Human Services (DHS) had continually offered to them since January 2017 with regard to A.D. and her three older siblings.[4] Next, the State petitioned to terminate the rights of both parents. On July 11, the court held a termination hearing, in which the father participated via telephone from an Iowa correctional facility.[5] Although services ceased before the time of the hearing, he requested services upon his release from prison on parole, which he expected to occur in nineteen to twenty weeks. On July 16, the court issued its order terminating the parental rights of the mother and father.

**II. Scope of Review.**

Our review of termination cases is de novo. *In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). The first step is for the court to determine whether a ground for termination exists under Iowa Code section 232.116(1). *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). "If a ground exists, the court may terminate a parent's parental rights." *Id.* In determining whether to terminate, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and

---

[4] DHS offered services related to substance abuse, supervision issues, parenting, homelessness, domestic violence, and mental health previous to their time incarcerated, and neither parent participated in any meaningful way.

[5] According to DHS reports, at the time of the hearing, the father was serving a five-year sentence for a parole revocation that ran concurrent with a new five-year sentence for failing to register as a sex offender.

emotional condition and needs of the child." *Id.* (quoting Iowa Code § 232.116(2)). The judge's decision should contain any findings in this regard. *Id.* Lastly, "the court must consider if any of the exceptions contained in section 232.116(3) allow the court not to terminate." *Id.*

## III. Analysis.

### A. Statutory Grounds for Termination.

Under this record, the father disputes, and preserved for review, the sufficiency of the evidence supporting termination. Given A.D.'s young age, termination under 232.116(1)(h) applied.[6] While the father broadly challenges the statutory grounds for termination, he does not challenge any specific elements of section 232.116(1)(h). Thus, he has waived any challenge to these grounds. *See id.* at 40 ("Because the father does not dispute the statutory grounds, we do not have to discuss this step.") Even so, we find the State clearly satisfied the grounds for termination under section 232.116(1)(h) because A.D. is under age three, has been adjudicated CINA, has been removed for the required time, and cannot be placed in the father's custody while he remains incarcerated. When the juvenile court terminates parental rights on more than one statutory ground, the appellate

---

[6] The court may terminate parental rights under section 232.116(1)(h) if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

court only needs to find that the evidence supports termination on one of the grounds cited by the juvenile court to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012); *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). The statutory grounds for termination are established under this record.

### B. Best Interests of the Child.

Moving to the best-interests argument, the reality is that the father was incarcerated when A.D. was born and he remained incarcerated at the time of the hearing. Moreover, A.D. has never lived with either parent and has had no personal contact with the father. On the positive side, A.D. has been in the care of her aunt and uncle since birth and, not surprisingly, they are well bonded. During the termination hearing, the father admitted he is an "addict" with regard to drugs and alcohol. Nevertheless, he has shown little progress on his substance-abuse issues since DHS began offering services in January 2017, which led to the court waiving reasonable efforts in March 2019. As for the future, the father testified his parole had been approved and he would be released in nineteen to twenty weeks after the hearing, but a DHS report showed his tentative release date was June 1, 2021. Regardless of his precise release date, the best interests of the child require we not wait to establish permanency while an incarcerated father struggles "to get his own life together." *In re J.E.*, 907 N.W2d 544, 547 (Iowa Ct. App. 2017). Still, the father has had over two years of State involvement to correct the issues underlying removal. The issues remain. "At some point, the rights and needs of the child rise above the rights and needs of the parents. The legislature, through section 232.116 directs us to that point." *In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by P.L.*, 778 N.W.2d at 39–40. In this

case, we are far past that point. After considering all the factors in section 232.116(2), we find termination is in the child's best interests.

### C. Closeness of Parent-Child Bond.

Next, the father asserts the closeness of his bond with A.D. precludes termination under section 232.116(3)(c). Such a bond is a permissive, not mandatory, factor against termination. *See P.L.*, 778 N.W.2d at 38. At trial, no proof established a strong bond. The opposite was true. Considering A.D.'s young age, the father's incarceration since her birth, and the lack of any personal contact, whatever bond exists cannot weigh against termination. Simply put, the father did not meet his burden to show by clear and convincing evidence the requisite closeness of a parent-child bond. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

### D. Reasonable-Efforts Requirement.

As a final issue, the father raises his limited access to the child because of his incarceration as an interference to reunification. To the extent he argues the State failed to provide alternative services, he waived this argument by failing to request such alternatives at the proper time. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017). To the extent he argues the State failed to fulfill its reasonable-efforts requirement, the record shows the State offered services, including substance-abuse and mental-health treatment, from January 2017 through the March 2019 waiver of reasonable efforts. What is more, the case progress reports show the State has remained in contact with the father throughout his incarceration and continuing after the waiver of reasonable efforts. While the father participated in weekly video visitation with A.D. from the October 2018 CINA

adjudication through his February 2019 suspension for fighting, the record provides no indication he took any affirmative steps to resume visitation after his suspension. Thus, we find the State met its reasonable-efforts requirement. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).

We agree with the juvenile court that the statutory grounds for termination are satisfied, termination is in the child's best interests, and no factor precludes termination.

**AFFIRMED.**