# IN THE COURT OF APPEALS OF IOWA

No. 22-0493
Filed May 11, 2022

**IN THE INTEREST OF B.M.,**
**Minor Child,**

**T.H., Mother,**
 Appellant,

**T.M., Father,**
 Appellant.
_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Rebecca Williams, Cedar Rapids, for appellant mother.

Mark D. Fisher of Howes Law Firm, PC, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Robin Lynn O'Brien Licht, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Schumacher, J., and Doyle, S.J. *

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DOYLE, Senior Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. The mother challenges the evidence establishing the grounds for termination. Both contend termination is not in the child's best interests or should be avoided because of the detriment it will cause the child. We review their claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The child tested positive for amphetamine and methamphetamine at birth in August 2020. Both the mother and the father denied using drugs during the pregnancy. But within two months, both parents tested positive for amphetamine and methamphetamine and the father was arrested on drug-related charges, including possession of methamphetamine with intent to distribute. The child was removed from the parents and adjudicated a child in need of assistance (CINA).

During the CINA proceedings, both parents continued to test positive for methamphetamine. One year after the child's birth, the State petitioned to terminate both the mother's and the father's parental rights. The termination hearing was held in December 2021. At the time, the father had been incarcerated since May 2021 and was awaiting sentencing after pleading guilty to federal charges involving drug trafficking; he believed he would receive a ten-year sentence. And despite the mother's claim she was committed to her sobriety, the credible evidence shows she continued to use methamphetamine.

The district court terminated both the mother's and the father's parental rights under Iowa Code section 232.116(1)(h) (2021). Only the mother challenges the evidence supporting this ground for termination. Termination is appropriate under section 232.116(1)(h) if clear and convincing evidence shows:

(1) The child is three years of age or younger.
(2) The child has been adjudicated a [CINA] pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The only dispute concerns whether the child can be returned to the mother's care without exposing the child to harm amounting to a new CINA adjudication. *See In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication).

Clear and convincing evidence shows the child cannot be returned to the mother's care, as required to terminate under section 232.116(1)(h). In her petition on appeal, the mother argues that the "only articulable safety concern" is her positive tests for methamphetamine. She argues that her test results were positive for methamphetamine at "very low levels" and results from residual environmental exposure. But the juvenile court expressly found the mother's denial of ongoing use was not credible, a finding that we give weight. *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (noting that the appellate courts are not bound by the juvenile court's factual findings but give them weight, "especially in assessing the credibility of witnesses"). The mother's ongoing substance use prevents the return of the child to her care.[1] *See In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014) (holding that it

---

[1] The mother also argues the child "could be safely returned to her care with a series of consecutively negative sweat patch results," which had not occurred at the time of the termination hearing. At the hearing, she admitted that the child

is reasonable for the court to conclude "a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care"); *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children"); *State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) ("No parent should leave . . . small children in the care of a meth addict—the hazards are too great."). The grounds for termination have therefore been proved.

Having found clear and convincing evidence to terminate parental rights under section 232.116(1)(h), we turn to the child's best interests. *See A.S.*, 906 N.W.2d at 473 (stating that after a ground for termination is established, "we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights" (citation omitted)). In making this determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Both parents argue termination of parental rights is not in the child's best interests. The mother argues terminating her parental rights would be detrimental to the child due to the closeness of the parent-child relationship. In such cases, the statute allows the court to leave parental rights intact. *See* Iowa Code

---

could not be returned to her care at that time. She implicitly concedes that more time is required.

§ 232.116(3)(c) (stating that the court "need not terminate the relationship between the parent and child" if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). The father echoes the mother's claim that she has a great bond with the child and to it adds that he loves the child and plans to marry the mother and be a family.

The decision to apply section 232.116(3)(c) to avoid termination is permissive, not mandatory. *See A.S.*, 906 N.W.2d at 475. Ultimately, the decision of whether to terminate parental rights depends on the facts of the case before us and the children's best interests. *See id.* Here, we find that the child's best interest are served by terminating the mother's and the father's parental rights.

Despite the offer and receipt of services to address substance use, both parents continued to use methamphetamine throughout the CINA proceedings. Their methamphetamine use was the catalyst for the CINA proceedings with the child testing positive at birth. And the parents' unpermitted, unsupervised contact with the child during the CINA proceedings led the child to again test positive for methamphetamine eight months later. The mother's methamphetamine use was an issue before the child's birth, with the mother being named the perpetrator in three prior child-abuse assessments based on methamphetamine use and lack of supervision. Based on this history and the mother's excuses for continuing to test positive, it will remain an issue in the future. *See In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) ("[W]e look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future."). And the father,

on top of his unresolved issues with substance use, is expected to be incarcerated for years.

Even assuming the parents have a strong bond with the one-year-old child, who was removed from their care at two months of age, nothing in the record suggests that severing the bond would harm the child. Neither parent can safely provide for the child's needs in the near future, nor is the child equipped with a pause button. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home"). To deny the child needed permanency would put the parents' interests above those of the child. The parents have been doing so for the child's entire life, and the child's needs must now take precedence. *See In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997) (stating that once the statutory limits in section 232.116 expire, "the rights and needs of the child rise above the rights and needs of the parents"), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33 (Iowa 2010).

We affirm termination of both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**